PER CURIAM.
By information filed on July 15, 1962, appellant was charged with breaking and entering and grand larceny. He pleaded guilty on January 9,1964 and was placed on five years probation. On September 27, 1967, a warrant issued charging appellant with probation violation in that he left his approved residence without permission. On May 14, 1976, appellant pleaded guilty to the charge of violating probation and was sentenced to fifteen years with credit for time served.
Appellant now appeals contending his probation could not be revoked on the basis of a nine-year-old warrant. We disagree.
It is clear that upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the process of the court has been set in motion for revocation or modification of the probation pursuant to Section 948.06, Florida Statutes (1963). Carroll v. Cochran, 140 So.2d 300 (Fla.1962).
It is our opinion that the processes of the trial court had been set in motion by the warrant for appellant’s arrest which was issued within the period of probation. Thus, revocation, though late in the coming, was timely initiated. Further, the sentence is not excessive as the maximum imprisonment authorized by statute at the time of conviction was fifteen years. Section 810.-01, Florida Statutes (1961).
Accordingly, the order of the lower court is affirmed.
McNULTY, C: J., and HOBSON and BOARDMAN, JJ., concur.