**George L. VALENTINE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 12701.**

District of Columbia Court of Appeals.

Argued Oct. 17, 1978.

Decided Nov. 15, 1978.

---

Evelyn M. Suarez, Washington, D. C., law student counsel (LS # 2084) for appellant. Larry J. Ritchie, Washington, D. C., supervising attorney appointed by this court, with whom Michael E. Geltner, supervising attorney, and James F. Martin, New York City (LS # 1812), were on the briefs, for appellant.

John H. E. Bayly, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Michael W. Farrell and Jason D. Kogan, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This appeal is from a denial of appellant's pro se motion to vacate and set aside, on the ground of double jeopardy, a sentence of one to three years which was imposed after revocation of probation. After appellant pled guilty to one count of uttering an instrument with intent to defraud (D.C. Code 1973, § 22–1410), on October 18, 1974, Judge Washington pronounced sentence of "one to three, suspended, two years probation, restitution condition of probation." However, the same day, the judge signed a judgment and probation order stating the suspended term of imprisonment to be from one to two years.

Three days prior to the expiration of the probation term, on October 15, 1976, Judge Smith granted an ex parte extension of probation until November 1, 1976. The court did so at the request of the probation officer who had filed a memorandum on October 5, 1976, requesting an extension to allow appellant time to make restitution. On November 1, 1976, again at the request of the probation officer, Judge Korman granted a second ex parte extension for two additional years.

A probation revocation hearing was held on April 4, 1977, at which appellant appeared and was represented by counsel. Judge Hamilton determined that appellant had breached the terms of his probation and ordered revocation. Judge Hamilton apparently had only the judgment and probation order before him and was not aware of the oral pronouncement of sentence. However, recognizing that a term of one to two years

is an illegal sentence (since the minimum is greater than one-third of the maximum), Judge Hamilton concluded that Judge Washington had intended to impose a sentence of one to three years and sentenced appellant accordingly. Appellant's subsequent pro se motion to vacate and set aside sentence on the ground of double jeopardy was denied and this appeal followed.

Appellant's double jeopardy claim is predicated on the theory that the written commitment order sentencing him to one to two years' imprisonment constituted the original sentence of the court,[1] rather than the oral pronouncement which imposed a one to three year sentence. Thus, he contends he was placed in double jeopardy when, upon revocation of his probation, Judge Hamilton imposed a one to three year sentence. We disagree with the premise of this argument and affirm.

 As appellant concedes, it is a well established principle that where there is a direct conflict between an oral pronouncement of sentence and a written sentence, the oral pronouncement must control. As the Second Circuit held in *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir. 1974), quoting Judge Moore's concurring opinion in *Sobel v. United States*, 407 F.2d 180, 184 (2d Cir. 1969):

> It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is "mere evidence of such authority." *Kennedy v. Reid*, 101 U.S.App.D.C. 400, 249 F.2d 492, 495 (1957); see also *Pollard v. United States*, 352 U.S. 354, 360 n.4, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). If . . . appellant was sentenced not when he appeared before [the sentencing judge] but at some later time when the commitment was signed, the sentence would be invalid since appellant was not present. [Citations omitted.]

*Accord, Rich v. United States*, D.C.App., 357 A.2d 421 (1976); *United States v. Munoz-Delta Rosa*, 495 F.2d 253, 256 (9th Cir. 1974); *United States v. Mason*, 440 F.2d 1293 (10th Cir. 1971); *United States v. Morse*, 344 F.2d 27, 29 n.1 (4th Cir. 1965); *Henley v. Heritage*, 337 F.2d 847 (5th Cir. 1964).

 Since the oral pronouncement of sentence by Judge Washington is clear and unambiguous, it must prevail over the written order. In reinstating what had as a matter of law been the sentence all along, Judge Hamilton did not place appellant in double jeopardy and did not err in denying the motion to vacate on that ground.

 Appellant additionally argues, for the first time on appeal, that D.C.Code 1973, § 24–104 (authorizing probation extensions) is unconstitutionally vague and that the two ex parte extensions of his probation term violated his procedural due process rights because he was not given prior notice or an opportunity to be heard. We decline to review these issues since they were not raised below in the motion to vacate sentence which is under review here.

 However, we note our agreement with the Third Circuit in *Skipworth v. United States*, 508 F.2d 598, 602 (3d Cir. 1975), that ex parte extensions of probation are inadvisable because of the potential for prejudice involved. *See also United States v. Freeman*, 160 F.Supp. 532, 534 (D.D.C. 1957), *aff'd on other grounds*, 103 U.S.App. D.C. 15, 254 F.2d 352 (1958). In some cases exigent circumstances may legitimately arise which require such extensions in order to preserve jurisdiction over a probationer which would otherwise be lost due to expiration of the probation term.[2] In that event an appropriate record should be made reflecting the necessitating circumstances.

---

1. Appellant argues that the written order should control since in signing it Judge Washington intended to reduce the sentence. However, there is no evidence to support this contention. To the contrary, the fact that the written sentence is an illegal one supports the conclusion that the judge inadvertently misrecorded the sentence.

2. Such is not the case when the need for an extension without notice is occasioned by the carelessness or indifference of the probation officer.

However, where time permits and there is no such emergency, a probationer should be given notice of the proposed extension and afforded a hearing with the assistance of counsel should he so desire.

Accordingly, appellant's conviction is

*Affirmed.*