Opinion
ROTHMAN, J.*
Defendant appeals from the trial court’s ruling that he violated the terms of his probation and an order imposing a previously suspended 90-day jail sentence. We reverse the order.
On February 22, 1979, defendant was charged with a violation of Penal Code section 647, subdivision (f). Defendant was arraigned on March 6, 1979, and entered a plea of guilty. He was immediately sentenced to serve 90 days in county jail, which sentence was suspended. Defendant was placed on summary probation for a period of one year on condition that he pay a fine of $320, that he commit no similar offense, and that he obey all laws. Defendant was ordered to pay the fine imposed against him on or before May 7, 1979.
On May 7, 1979, defendant did not appear in court, nor had he paid the fine. The municipal court took no action in the matter until July 24, 1979, when the court issued a bench warrant for defendant’s arrest. The sole entry on the subject in the court’s minutes reads as follows: “July 24, 1979 bench warrant issued to Chief of Police of Inglewood. Bail $370.00.”
Defendant was subsequently arrested on the bench warrant, and appeared in court on October 31, 1980. On that date, the case was continued to November 3, 1980, for authorization of jurisdiction regarding a possible probation violation. Defendant was then released on his own recognizance.
At the hearing on November 3, defendant asserted that the court had lost jurisdiction to revoke or modify its probation order entered on March 6, 1979, since the one-year probationary grant expired by its own terms on March 5, 1980, not having been previously revoked or terminated during the period of probation. The trial court ruled that the issuance of a bench warrant for defendant’s arrest constituted revoca *Supp. 22 tion of his probation. After thus establishing its jurisdiction, the court conducted a hearing and found defendant in violation of probation. Defendant was then ordered to immediately commence serving his 90 days in jail.
Defendant contends on appeal that the trial court exceeded its jurisdiction in imposing the previously suspended 90-day jail sentence. He bases this contention on the fact that his period of probation had expired by its own terms on March 5, 1980, without any prior revocation by the court. Penal Code section 1203.3 stated in pertinent part: “The court shall have authority at any time during the term of probation to revoke, modify or change its order of suspension of imposition or execution of sentence.” (Italics added.) Additionally, it is well established in California case law that a probation order may be revoked or modified only during the term of probation. (In re Daoud (1976) 16 Cal.3d 879, 882 [129 Cal.Rptr. 673, 549 P.2d 145]; In re Griffin (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) Although a previously suspended sentence may be imposed after the date of termination of probation, as was done by the trial court in this case, probation must be revoked by the court prior to that date. (People v. Smith (1970) 12 Cal.App.3d 621, 625 [90 Cal.Rptr. 811].) The issue in this case then becomes whether defendant’s probation was revoked at any time prior to the expiration of his probationary term on March 5, 1980.
The clerk’s docket shows that on July 24, 1979, the court merely issued a bench warrant for defendant’s arrest. Although it would appear such was for nonpayment of a fine imposed by the court pursuant to defendant’s original conviction, the reason for the warrant does not appear in the record. At the hearing on November 3, 1980, the trial court held that the issuance of the bench warrant and the delivery of the clerk’s docket to the Department of Motor Vehicles constituted an effective revocation of defendant’s probation. We hold that the trial court’s ruling was erroneous. Penal Code section 1203.2, subdivision (a) states: “At any time during the probationary period of a person released on probation under the care of a probation officer pursuant to this chapter, any probation or peace officer may, without warrant or other process and at any time until the final disposition of the case, rearrest the person and bring him before the court or the court may, in its discretion, issue a warrant for his rearrest. Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or other *Supp. 23 wise that the person has violated any of the conditions of his probation, has become abandoned to improper associates or a vicious life, or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses. Such revocation, summary or otherwise, shall serve to toll the running of the probationary period.” (Italics added.) This statute has given trial courts discretionary power to take one or both of two separate actions. It provides that upon the issuance of a warrant, the court “may” also revoke the probation. The statute is explicit that only the probation “revocation” tolls the running of the probationary period. The statute does not require that the court revoke probation in order to issue the warrant, or that the issuance of a warrant constitutes an automatic revocation of probation. In the present case, the clerk’s docket shows only the issuance of a bench warrant, with nothing from which one could find an indication that the court also ordered revocation of probation.
Respondent argues that according to the decision in In re Torres (1948) 86 Cal.App.2d 178 [194 P.2d 593], the issuance of the bench warrant on July 24, 1979, constituted an unquestionable termination of probation. We disagree. In Torres, the court held that while some form of revocation must affirmatively appear, there is no requirement that “such revocation ... appear in any particular form, or that a formal order using the words ‘revoked’ or ‘terminated’ must be entered.” (Id., at p. 180.) However, the facts of Torres are distinguishable from those presented in the case at bar. The defendant in Torres was rearrested during the term of his probation and after his rearrest, pleaded guilty to violation of his probationary terms. The trial court then reimposed sentence and the defendant contended on appeal that the court was required to enter a formal order revoking his probation before reimposing sentence. The Court of Appeal stated: “Where a violation of the terms of an order of suspension or probation is determined as a fact in open court after notice, and an order is ‘therefore’ made sending a defendant back to jail to serve the remainder of the term originally provided for, it would seem that it affirmatively appears that the suspension or probation has been revoked or terminated. ... Under these circumstances .. . petitioner is not entitled to his discharge merely because the word ‘revoked’ or the word ‘terminated’ was not used in the order [reimposing sentence].” (Id., at pp. 180, 181.) (Italics added.)
In the instant case there is nothing in the record from which it could even be inferred that probation was revoked.
*Supp. 24 The People also argue that one of the conditions of defendant’s probation was that he “obey all laws,” and that his failure to pay the fine constituted a violation of Penal Code section 166, subdivision 4. The People contend that the failure to pay the fine “formed a sufficient basis to support a finding of revocation.” We agree that the trial court had ample cause to revoke probation had it chosen to do so. But, since the court did not, in fact, order probation revoked, such revocation cannot be inferred or deemed to have taken place after the court’s jurisdiction had expired. In In re Giannini (1912) 18 Cal.App. 166, 170 [122 P. 831], the court stated: “[Revocation or modification of the order of suspension is an essential prerequisite. No intendments being in favor of the judgment of a justice, his authority to issue a commitment must affirmatively appear. The record does not disclose that any such modification or revocation was ever made by the justice in the case of petitioner, and the commitment was, therefore, in our opinion, issued without authority of law and the prisoner’s detention thereunder unlawful.” (Id., at p. 170, italics added.) Moreover, in In re Daoud (1976) 16 Cal.3d 879, 882-883, the court stated: “It is well settled that judicial error cannot be corrected once jurisdiction has expired.” (Citations omitted.) Therefore, because the mere issuance of the bench warrant was, by itself, insufficient to revoke defendant’s probation, the court, after jurisdiction had expired, could not correct the record or inject any intendment into the previous ruling.
Further evidence that the Legislature intended to separate the act of issuing a bench warrant from that of revoking probation is found in Penal Code section 1205: “Except as otherwise provided in case of fines imposed as conditions of probation, the defendant must pay the fine to the clerk of the court, or to the judge thereof if there is no clerk, unless the defendant is taken into custody for nonpayment of the fine, in which event payments made while he is in custody shall be made to the officer who holds him in custody and all amounts so paid shall be forthwith paid over by such officer to the court which rendered the judgment.... If time has been given for payment of a fine or it has been made payable in installments, the court shall, upon any default in payment immediately order the arrest of the defendant and order him to show cause why he should not be imprisoned until the fine or installment thereof, as the case may be, is satisfied in full. If the fine, or installment, is payable forthwith and it is not so paid, the court shall without further proceedings, immediately commit the defendant to the custody of the proper officer to be held in custody until the fine or installment thereof, as the case may be, is satisfied in full.” The statute *Supp. 25 does not mention or require revocation of probation upon nonpayment of a fine. It does provide that a rearrested defendant may show cause why he should not be imprisoned for nonpayment of a fine. This gives the trial court broad discretion which it may use to issue a warrant and/or revoke probation. The law does not state that an arrest warrant automatically revokes probation. Both the case law and the pertinent code sections provide that some form of affirmative revocation of the probation must appear of record to support a commitment under the original sentence.
For the foregoing reasons, we hold the municipal court exceeded its jurisdiction in revoking defendant’s probation after it had expired. Based upon this holding, we need not consider defendant’s second ground on appeal.
The order of revocation of probation is reversed.
Fainer, P. J., and Jones, J., concurred.

 Assigned by Chairperson of the Judicial Council.