**Robert George DENT, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 82–1369.

District of Columbia Court of Appeals.

Submitted July 13, 1983.

Decided Aug. 22, 1983.

Alfred J. Merlie, Washington, D.C., for appellant.

Gary S. Freeman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before KERN and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellant, having been convicted of driving under the influence of alcohol, was sentenced on April 18, 1979, to a fine of $150 and to 30 days of imprisonment, execution suspended, with three years' unsupervised probation.

On March 5, 1982, less than six weeks before such probationary period was to expire—appellant was rearrested for the same offense and also for operating a vehicle after the suspension of his right to do so. An order to show cause why appellant should not have his probation revoked was issued by the trial court on April 15, 1982, giving petitioner an opportunity to be heard on May 17, 1982. This hearing was later postponed until September 17, 1982, pending the outcome of appellant's trial on the charges of his second arrest. Appellant pleaded guilty to the charge of operating a vehicle after suspension on September 10, 1982.

Based upon this plea, the trial court revoked appellant's probation on September 17, 1982. Overruling appellant's contention that the court's jurisdiction had lapsed, the court ordered him to serve the original 30 day sentence at the District of Columbia jail on his days off from work and at night.

Appellant argues that the trial court erred in revoking his probation because it lacked jurisdiction as the probationary term had ended by the time this action was taken. He also contends that even if the rule to show cause was tantamount to extension of his probation, the issuance of this order *ex parte,* deprived him of his rights to notice and a hearing. Perceiving no error in either the procedure adopted by the court or its ultimate disposition of the case, we affirm.

■ D.C.Code § 24–104 (1981) governs probation revocation. This section provides that: "[A]t any time during the probationary term ... the court may revoke the order of probation and cause the rearrest of the probationer ...." We have held that there is no termination of a probationary term where it has been carefully and formally extended, *Cooper v. United States,* 48 A.2d 771, 772 (D.C.1946). Accordingly, where a formal revocation proceeding is initiated within the probation term, the trial court retains jurisdiction to revoke probation even though the proceedings incident thereto are not completed until after the original term of probation has expired. *See United States v. Strada,* 503 F.2d 1081 (8th Cir.1974).

■ Appellant asserts that these authorities are not controlling, even though our *Cooper* decision, *supra,* was based on a local statute which did not differ materially from the one upon which the court below relied in this case. He points out that in affirming a belated revocation in *Cooper,* this court noted that a bench warrant charging noncompliance with the conditions of a one year sentence of probation had been issued before the year was out and that when the officer was unable to make the arrest because the probationer could not be found, the trial court by formal orders kept extending the period of probation every six months until the missing defendant was discovered and arrested five years later. He distinguishes *Strada* on the ground that probationer appeared in court when the revocation proceedings were initiated at a session which antedated the expiration of the probationary period—whereas here the order to show cause, although entered for the record before the end of the probationary term, was issued *ex parte.*

■ In our opinion, however, neither a formal order of extension of the probationary period for a specific time nor a voluntary appearance by the probationer is nec-

essary to toll the expiration of the probationer's term, if appropriate steps are taken by the trial court prior to that date to put the probationer on notice that probable cause exists for revocation of probation and provides him an opportunity to be heard before revocation is effected. *Clark v. State,* 402 So.2d 43, 44 (Fla.App.1981). The real question then in the case before us is whether the issuance of a rule to show cause satisfied this requirement. We perceive no reason why such a procedure should be less effective than a bench warrant, a formal order of extension, or a summons, in tolling the expiration date of probation, *State v. Lopez,* 30 Or.App. 687, 567 P.2d 1059, 1061 (1971). Plainly the order of the trial court in this case placed appellant on notice of the initiation of formal revocation procedure. Although issued *ex parte,* appellant's rights were protected as the order gave notice to him of the grounds on which a violation of probation would be predicated and afforded him an opportunity to present his objections. *Clark v. State, supra,* 402 So.2d at 43.

*Affirmed.*