Kevin H. SUMPTER, Appellant,

v.

UNITED STATES, Appellee.

No. 86–332.

District of Columbia Court of Appeals.

Submitted Dec. 15, 1988.

Decided Aug. 24, 1989.

Michael J. McCarthy, Washington, D.C., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty. at the time the brief was filed, Helen M. Bollwerk, and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROGERS, Chief Judge, and MACK and STEADMAN, Associate Judges.

MACK, Associate Judge:

This is an appeal from an order revoking appellant's probation. The appellant, Kevin Sumpter, asserts that the trial court was without authority to take such action, as his probationary term had already expired. We agree and reverse.

### I.

On January 19, 1984, subsequent to a plea of guilty to unauthorized use of a motor vehicle, Sumpter was placed on probation for eighteen months under section 5010(a) of the Federal Youth Corrections Act.[1] His probation was thus due to expire on July 18, 1985. While still on probation, however, Sumpter was arrested in Maryland and entered an *Alford* plea[2] there to the charge of assault with intent to maim. Although the alleged offense occurred in September 1984, and the conviction entered the following May, Sumpter's probation officer did not learn of it until early August 1985, shortly after Sumpter's probationary term had expired.[3] Erroneously believing that appellant's probation was not scheduled to end until *August* 18, the probation officer called Sumpter in to speak about

this incident and notified the trial judge, who, on August 15, 1985, issued an order directing appellant to show cause why his probation should not be revoked and ordered that appellant's probation be "extended" by ninety days. At a subsequent hearing on revocation, the trial judge found that appellant had affirmatively concealed his criminal offense by falsely answering "no" when asked by his probation officer, subsequent to his apprehension in Maryland, if he had been arrested since their last meeting;[4] the trial court held that such concealment estopped Sumpter from asserting lack of jurisdiction. Appellant's probation was ultimately revoked in January 1986, with execution of the sentence stayed pending appeal.[5]

### II.

### A.

D.C.Code § 24–104 (1988 Supp.) provides as follows:

> Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable.

---

1. Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1086 (formerly codified at 18 U.S.C. §§ 5005–5020), repealed by Pub.L. No. 98–473, Tit. II, § 218(a)(8), 98 Stat. 2027 (1984). Appellant had been committed on October 11, 1983 for treatment under section 5010(b) of the Act. Pursuant to a motion for reduction of sentence, however, the trial court subsequently suspended further execution of the sentence and placed appellant on probation.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. A Maryland official left a message notifying the probation officer of the conviction on July 18, 1985, the last day of appellant's probationary term. The probation officer, however, was on vacation and did not receive the message until August 5, when he returned.

4. This factual finding is itself the subject of dispute. In the first monthly supervision report completed by the probation officer after the time of appellant's Maryland arrest, the ques-

tion "Have you been arrested since your last report?" has a check mark beside it on the left-hand side, but neither the "yes" box nor the "no" box to the right are marked. The probation officer, moreover, testified that he had no specific recollection of asking appellant this question or of receiving a particular response. The probationer officer did state, however, that had appellant answered that he had been arrested, he (the officer) would have written down further information about the arrest; the absence of such additional comments indicated to the probation officer that appellant must have answered the question in the negative. Appellant contends that this evidence was insufficient to support the trial court's conclusion that appellant had affirmatively concealed the Maryland offense from his probation officer. Because of our disposition of the other issues in this case, we need not resolve this question here.

5. Upon revoking appellant's probation, the court reimposed the original sentence, committing appellant for treatment under section 5010(b) of the Federal Youth Corrections Act.

*At any time during the probationary term* the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or *the court may revoke the order of probation* and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence. If imposition of sentence was suspended, the court may impose any sentence which might have been imposed. If probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced.

(Emphasis added.) The appellant argues that this provision means just what it says: that it is only during the probationary term that a court may revoke probation. The government, on the other hand, contends that this is too literal a reading of the statute and does not allow for the flexibility necessary in the probation context.

■ We have, in the past, construed the jurisdictional aspect of § 24–104 liberally and broadly. Thus, where the trial court has taken virtually any formal action to initiate revocation proceedings, or to extend the probationary period, prior to the expiration of probation, we have held this to be sufficient to provide the court with jurisdiction to complete the revocation proceedings, even after the probationary term would have otherwise ended. *Wallace v. United States*, 475 A.2d 401 (D.C.1984) (*ex parte* order entered seven days before expiration of probationary term sufficient to temporarily extend probation period); *Dent v. District of Columbia*, 465 A.2d 841 (D.C. 1983) (issuance of rule to show cause sufficient to toll expiration of probation); *Cooper v. United States*, 48 A.2d 771 (D.C. 1946) (periodic formal extensions by the trial court kept probation alive). Nonetheless, we have consistently required that *some* such act be completed by the trial

court prior to the expiration of the probationary term, and underlying this requirement has been an understanding that without such an affirmative act within the term of probation, the court's jurisdiction to revoke probation must, under the plain terms of the statute, end upon its expiration. *See Jones v. United States*, 560 A.2d 513, 515–16 (D.C.1989).

Nor, contrary to the government's assertion, is this court's decision in *Wright v. United States*, 315 A.2d 839 (D.C.1974), inconsistent with this proposition. In *Wright*, the court sentenced the defendant to six months incarceration with work release (the remainder of the sentence to be suspended), to be followed by one year probation; when the defendant failed to return the first night to the halfway house to which he had been assigned, the trial court revoked the probation which was to follow. In this context, this court held that the "probationary term" begins, for purposes of revocation, when probation is granted, and thus the trial court need not wait until the day the defendant actually begins serving his probation before being able to revoke it. This was, and is, a sensible interpretation of the statute: it is not stretching the phrase "during the probationary term" too far to include the initial time from which the probationer is under court supervision, either serving or awaiting probation. It is another matter, however, to assert that the court may continue to act after the probationary term set at sentencing has ended, when the court's supervision would normally have expired. Indeed, the *Wright* court itself expressly noted that "the outward limitation on the time for revocation of probation is the discharge of the probationer." *Id.* at 841 n. 6; *cf. Maleng v. Cook*, —— U.S. ——, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (holding that, for purposes of habeas corpus, respondent was not "in custody" under conviction where sentence imposed for that conviction had fully expired, although respondent was "in custody" under convictions for which he had not yet begun to serve sentences).

■ Thus, today we make explicit what has previously been implicit in our deci-

sions and hold that, under D.C.Code § 24–104, a trial court cannot revoke probation after the expiration of the probationary term originally imposed, unless the court extends the period of probation, or otherwise acts to preserve its jurisdiction, during the probationary term.

### B.

Conceding that this principle undergirds our previous decisions, the government nonetheless urges this court to create an exception to any general rule prohibiting revocation after the scheduled expiration of probation where the probationer "affirmatively conceals" a probation violation from his probation officer. We decline to do so.[6]

Although we are aware that probation statutes "necessarily must lend themselves to flexibility," *Wright, supra,* 315 A.2d at 841, we find no principled basis, either in the words of the relevant statute or in our case law, for the invention of a "concealment exception" to the jurisdictional requi-

sites for probation revocation. We reiterate what we have stated above: that § 24–104 is clear in its requirement that revocation occur only "during the probationary term," and that our decisions applying this provision have uniformly found jurisdiction only where the trial court initiated revocation proceedings, or acted to preserve its authority to do so, prior to the expiration of the probationary term.[7] If an exception to the statute is thought desirable, it is for the legislative branch, and not the judiciary, to fashion one. *Cf.* D.C.Code § 23–113(f) (1988 Supp.) (creating an exception to the criminal statute of limitations where person found to be "fleeing from justice").

■ Nor can we hold that appellant's conduct worked to estop him from asserting the court's lack of authority to revoke probation. The statutory requirement that revocation occur during the probationary term is jurisdictional in nature, and so can-

---

**6.** We assume, for the purposes of argument, that we could find sufficient evidence in this record to support a finding that the appellant in fact concealed his probation violation. *See supra* note 4.

**7.** The District of Columbia statute thus stands in contrast to those of certain other jurisdictions, which have statutes which, expressly or implicitly, permit revocation after the probationary term. *See, e.g., Galaktionoff v. State,* 733 P.2d 628 (Alaska Ct.App.1987) (statute allowed for revocation at anytime within the maximum permissible probation period, as long as violation occurred during actual probationary term); *Commonwealth v. Sawicki,* 369 Mass. 377, 339 N.E.2d 740 (1975) (statute provided for revocation "at any time before final disposition of the case," which court took to mean that jurisdiction was retained until court issued official order terminating probation). Similarly inapt are the federal cases on which the government relies, *e.g., United States v. O'Quinn,* 689 F.2d 1359 (11th Cir.1982); *United States v. Swanson,* 454 F.2d 1263 (7th Cir.1972), for the federal statute on which they are based, 18 U.S.C.A. § 3653 (West 1985), expressly provided that probation may be revoked at any time during the maximum period for which probation could have been imposed (five years), regardless of when the actual term of probation expired. Interestingly, this statute has since been repealed and replaced with 18 U.S.C.A. § 3565 (West 1985 & 1989 Supp.), which abandons this approach and instead requires that a warrant or summons be

issued during the actual probationary term in order to preserve jurisdiction beyond the expiration of that term.

On the other hand, many states have adopted an approach similar to that followed by this court and require that a court take some action during the probation period in order to preserve its authority to complete revocation after the expiration of the probationary term. *See, e.g., Hopson v. State,* 339 So.2d 1152, 1153 (Fla.1976) (process of the court must be "set in motion" during probationary period in order for court to have jurisdiction to revoke probation); *State v. Gibson,* 156 N.J.Super. 516, 384 A.2d 178, 185 (1978) (warrant must issue during probationary period). Some states, moreover, have gone further and require that all or substantially all of the acts necessary for revocation take place prior to the expiration of probation. *See, e.g., Keller v. Superior Court in & for Cty. of Maricopa,* 22 Ariz.App. 122, 524 P.2d 956, 957 (1974) (both revocation of probation and imposition of sentence must be accomplished prior to end of probationary term); *People v. Broadway,* 123 Cal.App.3d Supp. 19, 177 Cal.Rptr. 106, 108 (1981) (revocation required to toll running of probationary period). Among jurisdictions whose probation statutes otherwise require revocation prior to the expiration of the probationary term, we know of none which have adopted an exception where the probationer has concealed his violation. *See generally* Annotation, *Power of Court, After Expiration of Probation Term, to Revoke or Modify Probation for Violations Committed During the Probation Term,* 13 A.L.R.4th 1240 (1982).

not be waived by estoppel.[8] *See Customers Parking, Inc. v. District of Columbia,* 562 A.2d 651, 653–54 (D.C.1989). *See generally* 13 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3522 (1984).

Accordingly, the order of the trial court is

*Reversed.*

STEADMAN, Associate Judge, dissenting:

The trial court here made an explicit finding that the government proved by a preponderance of the evidence that Sumpter had affirmatively concealed the fact of his rearrest and subsequent conviction while on probation.[1] I believe the trial court was correct in its view that this act of concealment permitted a revocation of probation on the facts here.

As the majority indicates, our case law has "liberally and broadly" construed the time limit imposed by § 24–104. In *Dent v. United States,* 465 A.2d 841 (D.C.1983), we held that no formal order of extension was required "to toll the expiration of the probationer's term" if appropriate steps were taken by the trial court prior to the term expiration date "to put the probationer on notice that probable cause exists for revocation of probation." *Id.* at 843. In my view, the active concealment by a probationer during the probation term of a prior arrest and conviction may fairly be deemed to demonstrate knowledge by that probationer just as effectively as a show cause order that his probation status is in jeopardy, and this interaction (by the act of concealment) between the petitioner and the parole authorities relative to a possible parole violation ought equally effectively to toll the expiration of the probation term.[2]

It has been generally held that the running of a statute of limitations is tolled by a defendant's fraudulent concealment of the underlying cause of action. 51 Am. Jur.2d *Limitation of Actions* § 147 (1970); *see, e.g., Sperry v. Barggren,* 523 F.2d 708, 710–11 (7th Cir.1975) (equitable tolling doctrine read into every federal statute of limitations). Likewise, it has been held that a defendant's concealment of a violation from his probation officer can act to excuse what might otherwise be an "unreasonable" delay between the violation and a post-expiration[3] revocation. *See Commonwealth v. Sawicki,* 369 Mass. 377, 339 N.E.2d 740, 744–45 (1975); *Commonwealth v. Ferguson,* 201 Pa.Super. 649, 193 A.2d 657, 660 (1963). I believe these general principles can be applied by analogy here.[4]

8. As to the equities of this situation, we note that a probationer who is convicted of a crime while on probation, but whose probation is not revoked, will not necessarily escape punishment altogether. As another court has observed in this context, "Criminal violations are punishable on their own, and a defendant's past record is both relevant and admissible when the sentence is determined." *State v. Mortrud,* 89 Wash.2d 720, 575 P.2d 227, 229 (1978).

1. For purposes of this dissent, I assume (as I believe the record supports) that this finding was not clearly erroneous and that the correct standard of proof was applied. *See* D.C.Code § 17–305 (1981); *cf. United States v. Gonsalves,* 675 F.2d 1050 (9th Cir.), *cert. denied,* 459 U.S. 837, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982).

2. This is not to say that such knowledge is a prerequisite to an extension, which can be effected ex parte by the trial court in appropriate circumstances. *Wallace v. United States,* 475 A.2d 401 (D.C.1984).

3. In the jurisdictions cited, revocation of probation is permitted within a "reasonable" time after the termination of the probation term.

4. Like the majority, see note 7, I know of no jurisdiction similar to ours which has adopted an exception where the probationer has concealed his violation, but likewise I know of no case which has rejected such an exception. While it is true that all of our cases to date extending the probation term have relied on trial court action of one kind or another, I do not read the language of those cases to absolutely preclude any other mode of extension through tolling. Nor do I think that couching the issue in terms of jurisdiction bars an analysis along the lines I set forth.

I might add that I fail to see why § 24–104, viewed in its entirety, impels a strict construc-

tion to strip the trial court of all power to act following the end of the probation term. As pointed out in our recent decision in *Jones v. United States*, 560 A.2d 513, 516 (D.C.1989), the first sentence of that section (otherwise generally ignored in our jurisprudence) seems clearly to contemplate, in at least some circumstances, an extension of the probation term by the trial court after the probation period has expired.