Anthony NEAL, Appellant,

v.

UNITED STATES, Appellee.

No. 87–1087.

District of Columbia Court of Appeals.

Argued July 11, 1989.
Decided March 12, 1990.

Thomas G. Ross for appellant.

Rachel Adelman–Pierson, Asst. U.S. Atty., Arlington, Va., with whom Jay B. Stephens, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief for appellee.

James Klein, Washington, D.C., and Elizabeth G. Taylor filed an amicus curiae brief for the Public Defender Service, on behalf of appellant.

Before ROGERS, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

NEWMAN, Associate Judge:

Neal contends that the trial court erred in denying his motion to discharge him from the court's probation order, dismiss the charge against him, and expunge the record, as provided under D.C.Code § 33–541(e) (1988 Repl.), rather than to enter an adjudication of guilt against him. Because Neal's probation term had expired at the time he filed his motion and the trial court had done nothing to extend the term, we find that the trial court lacked jurisdiction to enter an adjudication of guilt. Accordingly, we reverse with instructions to discharge Neal from probation, dismiss the charge against him, and expunge the record.

On April 29, 1986, Anthony Neal entered a guilty plea to the charge of Possession of a Controlled Dangerous Substance, a misdemeanor under D.C.Code § 33–541(d).[1] As a first-offender under that statute, Neal qualified for a sentence of probation without adjudication of guilt under D.C.Code § 33–541(e)(1) (1988 Repl.) § 33–541(e)(1), which is discretionary with the trial court, entitles such first-offenders to have the charge against them dismissed, without entry of adjudication of guilt, and the record expunged, upon successful completion of a probation term not to exceed twelve months.[2] On June 13, 1986, Neal was sentenced to twelve months of supervised probation, conditioned upon his obtaining employment and treatment for drug dependency. On May 7, 1987, the District of Columbia Probation Department filed a violation notice in the trial court, indicating that Neal had missed several appointments, had not maintained regular employment, and, although he had initially tested negative for drug use during urine surveillance, had tested positive for PCP and cocaine in January and in April 1987. Neal's probation officer recommended that the court issue an order requiring Neal to show cause why his probation should not be revoked. However, no action was taken by the trial court in response to the report and recommendation, and no show cause order was issued.

On June 12, 1987, the close of Neal's probationary term, he filed a motion for discharge of probation, dismissal of the charge, and expungement of the record. The government opposed Neal's motion and asked the court to strike the probation without entry of adjudication order and to adjudicate Neal guilty. After holding a hearing on the motion, the trial court denied Neal's motion and entered an adjudication of guilt against him on August 20, 1987.

After oral argument, we ordered the parties to submit supplemental briefs on two issues: whether the trial court's order denying discharge and expungement and entering adjudication of guilt was appealable, and whether the trial court retained jurisdiction to enter an adjudication of guilt beyond the expiration of Neal's probationary term. We also invited the Public Defender Service to file a brief amicus curiae.[3] We find that the order is appealable

1. § 33–541(d) provides:

It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order from a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a misdemeanor and upon conviction may be imprisoned for not more than 1 year, fined not more than $1,000, or both.

2. D.C.Code § 33–541(e)(1) provides:

If any person who has not previously been convicted of violating any provision of this chapter, or any other law of the United States or any state relating to narcotic drugs or depressant or stimulant substances is found guilty of a violation of subsection (d) of this section and has not previously been discharged and had the proceedings dismissed pursuant to this subsection, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him or her on probation upon such reasonable conditions as it may require and for such period, not to exceed 1 year, as the court may prescribe.

Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided. The court may, in its discretion, dismiss the proceedings against such person and discharge him or her from probation before the expiration of the maximum period prescribed for such person's probation. If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period that court shall discharge such person and dismiss the proceedings against him or her. Discharge and dismissal under this subsection shall be without court adjudication of guilt, but a nonpublic record thereof shall be retained solely for the purpose of use by the courts in determining whether or not, in subsequent proceedings, such person qualifies under this subsection. Such discharge or dismissal shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime (including the penalties prescribed under § 33–548 for second or subsequent convictions) or for any other purpose.

3. As is its practice, the Public Defender Service responded to the court's invitation; we appreciate the assistance.

and that the trial court lacked jurisdiction to enter an adjudication of guilt.[4]

I.

■ An order entering adjudication may be appealed, provided it is final. In a case such as this, since no further litigation in the trial court was contemplated by these parties, the requirement of finality is met. *See West v. United States,* 346 A.2d 504, 505 (D.C.1975) ("A decision in a criminal case is final for appellate purposes ... when the litigation between the parties is terminated and nothing remains but enforcement by execution of what has been determined."). Moreover, this court specifically has held that orders under § 33–541(e) are appealable. *Mozingo v. United States,* 503 A.2d 1238, 1240 (D.C. 1986) (order of probation under § 33–541(e)(1) had all necessary characteristics of finality to be appealable). Finally, this case involves revocation of a probation order, and this court has heard appeals from such orders before. *Wallace v. United States,* 475 A.2d 401 (D.C.1984); *Dent v. District of Columbia,* 465 A.2d 841 (D.C. 1983).[5]

II.

■ Under D.C.Code § 24–104 (1989 Repl.), which governs discharge, continuance, modification, and revocation of probation, the jurisdiction of a trial court to revoke probation is limited by the probationary term.[6] It is settled law that no action to revoke probation may be taken

beyond the last day of the probation term, unless the court has acted in some way within the term to extend the term or preserve its jurisdiction. *See, e.g., Wallace v. United States, supra,* 475 A.2d 401 (*ex parte* order issued seven days before expiration of probationary term sufficient to temporarily extend probation period); *Dent v. District of Columbia, supra,* 465 A.2d 841 (issuance of rule to show cause sufficient to toll expiration of probation); *Cooper v. United States,* 48 A.2d 771 (D.C. 1946) (periodic formal extensions by the trial court kept probation alive). *Compare Jones v. United States,* 560 A.2d 513 (D.C. 1989) (trial court's failure to take any steps during probationary term to preserve its authority resulted in termination of its jurisdiction at close of the term). Moreover, it is the court itself which must take the action; actions by the probationer are not enough. *Sumpter v. United States,* 564 A.2d 21 (D.C.1989) (acts of concealment by defendant regarding violations during his probation term and not discovered by the court until after the expiration of the term did not extend or preserve the trial court's jurisdiction). Similarly, we now hold that actions by governmental agencies, like the filing of a report by the Probation Department in this case, do not extend the reach of the court's jurisdiction beyond the expiration of the probationary term.

■ The government contends that these principles and precedents do not apply here, because—the government says—the language of § 33–541(e)(1), under which Neal's probation was granted, expressly or

4. Because of these conclusions, we need not and do not reach any of the other issues raised in this appeal.

5. We note that the government concedes the appealability of this order in its supplemental brief.

6. D.C.Code § 24–104 (1989 Repl.) provides as follows:

Upon expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. At *any time during the probationary term* the court may modify the terms of the order of probation, or

may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or *the court may revoke the order of probation* and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, or any lesser sentence. If the imposition of sentence was suspended, the court may impose any sentence which might have been imposed. If probation is revoked, the time of probation shall not be taken into account to diminish the time for which he was originally sentenced. (Emphasis added.).

implicitly extends the court's jurisdiction beyond the probationary term. In support of this contention, the government points to the following language in the statute:

> If during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of the period the court shall discharge such person and dismiss the proceedings against him or her.

D.C.Code § 33–541(e)(1) (1988 Repl.) In the government's view, the words "If during the period of probation such person does not violate any of the conditions of probation" set up a condition precedent, which must be satisfied before the court can act, "upon expiration of the period" to "discharge such person." Thus, it is argued, this language implies that, once the probationary term has expired, the court has the power to determine whether the condition is satisfied and, if such is not the case, to refuse to discharge the person.

■ The government's argument seems to depend upon an unfounded assumption that § 24–104 does not apply to probations granted under § 33–541(e), either because § 33–541(e) creates an exception to § 24–104 or because it establishes a separate and independent probationary structure, presumably affecting only first-offenders. We reject this assumption and with it the government's reading of § 33–541(e)(1). Although we have held that the probation statutes are broadly drawn and necessarily must lend themselves to flexibility, *Wright v. United States*, 315 A.2d 839 (D.C.1974), there is nothing in the language or legislative history of § 33–541(e)(1) to suggest that the legislature intended to create a separate or specially defined probationary structure for first offenders under § 33–541(d).

### III.

■ We hold that the denial of discharge and dismissal and the entry of an adjudication of guilt was a revocation of probation within the meaning of D.C.Code § 24–104. Since the trial court in this case took no action during the probation period to preserve its jurisdiction, its power to revoke Neal's probation ended on the last day of his probationary term. Accordingly, the trial court's order entering adjudication of guilt is reversed, and the case is remanded for discharge of probation, dismissal of the charge against Neal, and expungement of the record.[7]

*Reversed and remanded.*

STEADMAN, Associate Judge, dissenting:

D.C.Code § 33–541(e) (1988 Repl.) provides a generous option to a first-time drug offender. Notwithstanding the conviction, the trial court may refrain from entering a judgment of guilty and instead place the offender on probation for a period up to one year. The provision expressly states: "*If* during the period of probation such person does not violate any of the conditions of the probation, then upon expiration of such period the court shall discharge such person and dismiss the proceedings against him or her." *Id.* § 33–541(e)(1) (emphasis added). Upon receiving such a discharge and dismissal, the offender may apply to the court for an order to "expunge from all official records ... all recordation relating to his or her arrest, indictment or information, trial, finding of guilty, and dismissal and discharge pursuant to this subsection," and the court "shall enter such order." The effect of the order is

> to restore such person, in the contemplation of this law, to the status he or she occupied before such arrest or indictment or information. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of failure to recite or acknowledge such arrest, or indictment, or trial in response to

---

7. The language of § 24–104, upon which we rely, has remained substantially unchanged since 1910. In *Wright v. United States, supra,* 315 A.2d 841 n. 5, we remarked that this state of affairs, if for no other reason, might justify legislative review. That observation would appear equally valid today, both as that section and § 33–541(e). *See* dissent, *infra; see also Sumpter v. United States,* 564 A.2d 21, 25 (D.C. 1989) (Steadman, J., dissenting).

any inquiry made of him or her for any purpose.

*Id.* § 33–541(e)(2).

I think this statutory scheme markedly differs from that of ordinary probation under § 24–104 (1989 Repl.). The right to receive the highly favorable treatment under § 33–541(e) is made expressly conditional. The offender must not "during the term of the probation" violate any of the conditions of the probation. D.C.Code § 33–541(e)(1) (1988 Repl.). That prerequisite to the entry of an order of dismissal and discharge was not met here. Quite to the contrary, there was in fact a "violation of a condition of the probation," upon which the court "may enter an adjudication of guilt." *Id.* § 33–541(e)(1). To strip the court of all power to act upon a Cinderella-like stroke of midnight, regardless of the factual realities, and to *require* it to enter an order of dismissal and discharge—leading to a right of expungement—where the statutory condition precedent has simply not been met, does not, in my judgment, interpret in the most sensible way the straightforward language of this section.[1]

---

**1.** In any event, I thoroughly agree with the observation made in footnote 7 of the majority opinion.