**Bobby Ray PATTERSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 94–CF–410.**

District of Columbia Court of Appeals.

Decided Nov. 29, 1994.

Patrick T. Hand, Washington, DC, for appellant.

Eric H. Holder, Jr., U.S. Atty., and John R. Fisher, Asst. U.S. Atty., Washington, DC, for appellee.

Before FERREN and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Appellant has moved under Rule 27(g) of the rules of this court for summary reversal of an order of the trial court revoking his probation. The government does not oppose the motion, and we agree that the trial judge lacked jurisdiction to revoke the probation. Accordingly, we reverse the order of revocation and remand with directions to discharge appellant from the probation reimposed by the trial court.

### I.

On April 1, 1985, Judge Ryan sentenced appellant to a term of imprisonment of five to fifteen years for robbery. The court suspended the execution of sentence for all but three years and imposed a two-year period of supervised probation to follow the jail time. Records at the U.S. Parole Commission indicate that appellant did not begin to serve jail time, under Judge Ryan's sentence, until May 2, 1989. The records further indicate that appellant was released from custody on August 2, 1991, and that his probationary period commenced immediately thereafter.

Appellant failed to report to Ms. Sterline Suggs, his probation officer. Inexplicably, until January 3, 1994, Mrs. Suggs was unaware that he had been released from custody, let alone that he had violated his probation by failing to report to her. One assumes that procedures are in place for timely notification of the District's probation authorities of a prisoner's release; why they were not followed in this case is a mystery. In any event, not until five months after appellant's probationary period expired did Suggs file a violation report with Judge Ryan. He then ordered appellant to appear before him to show cause why his probation should not be revoked.

On March 15, 1994, Judge Ryan revoked appellant's probation and continued the case for sentencing. On March 18, 1994, he imposed a new prison sentence of five to fifteen years, suspended execution of sentence as to all but time served, and ordered appellant to serve a two-year probationary period to commence on that date.

### II.

A trial court may not revoke probation after the expiration of the probationary term originally imposed, unless the court acts during the probationary period to preserve its jurisdiction. *See Neal v. United States,* 571 A.2d 222, 225 (D.C.1990). That a defendant has concealed violations during his probationary term, with the result that they are not discovered until after the term has expired, does not by itself toll the running of the probationary period. *Sumpter v. United States,* 564 A.2d 21, 24 (D.C.1989). As we stated in *Sumpter,* "[i]f an exception to the [probation] statute is thought desirable [for persons who affirmatively conceal their probation status], it is for the legislative branch ... to fashion one." *Id.* at 24. An alternative would be simply to improve coordination between the prison and probation authorities to prevent mishaps such as this in which the latter learn too late of the prisoner's release.

Inspection of the record reveals no evidence that the trial court took action during the two-year probationary period beginning August 2, 1991, to toll the running of the probationary period. Accordingly, the court had no jurisdiction in 1994 to revoke probation and order commencement of a new period of probation.

*Reversed.*