# State of Vermont v. Donal White

[549 A.2d 1069]

No. 86-004

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed June 17, 1988

*James McKnight, Orange County State's Attorney,* and *Maxine Grad, Law Clerk (On the Brief),* Chelsea, for Plaintiff-Appellee.

*David W. Curtis, Defender General,* and *William A. Nelson, Appellate Defender,* Montpelier, for Defendant-Appellant.

**Costello**, D.J. (Ret.), Specially Assigned. This case involves a probation order that was modified as a result of a complaint filed after the expiration of the stated probation period. The lower court held that it had jurisdiction to make such a modification, and defendant appealed. We reverse.

On May 7, 1985, under the terms of a plea agreement, defendant pleaded guilty to a charge of careless and negligent operation of a motor vehicle. Judge Connarn sentenced him to a term of 0-60 days, all suspended with an order of probation, and imposed a fine of $200. One condition of his probation was that he pay the $200 fine within the probationary period. The probation warrant also stated: "Probation to be discharged at end of 60 days." As a result of logistical difficulties, defendant did not sign his probation warrant until July 1, 1985. On that date he also signed an agreement to pay the fine by August 29, 1985.

Defendant failed to pay the fine, and a probation violation complaint was filed on September 18, 1985, seventy-nine days after the probation warrant had been signed and one hundred and thirty-three days after the probation warrant had issued. At a hearing held before Judge Bryan, defendant argued that his probation period had ended before the filing of the complaint and that no violation could therefore be established. The court ruled that an order of probation does not terminate until its conditions are complied with and that Judge Connarn's order "is to be read as termination upon sixty days and successful completion of the conditions." The sixty-day limit on defendant's probation was stricken, and defendant was ordered to pay $5 per week to his probation officer until his fine was paid in full.

On appeal, defendant argues that the lower court was without jurisdiction to modify the probation order because the specified sixty-day probation period had expired before the violation of probation complaint was filed. Resolution of this issue requires consideration of two questions: first, whether a probationer is automatically discharged from probation upon the expiration of a prescribed period of probation, and second, assuming automatic discharge, whether the sentencing court may nevertheless retain jurisdiction over the probationer to rule upon alleged violations.

28 V.S.A. § 205 provides that: "After passing sentence, a court may suspend all or part of the sentence and place the person so sentenced in the care and custody of the commissioner [of corrections] upon such conditions *and for such time as it may prescribe* in accordance with law or until further order of court." (Emphasis added.) Here, the sentencing court prescribed the time of probation as sixty days, and, once that period had expired, defendant was no longer in the care and custody of the commissioner, i.e., in a probationary status.

The State argues that termination and discharge from probation are not automatic, citing 28 V.S.A. § 251. That section, entitled "Duration of probation," provides: "The court placing a person on probation may terminate the period of probation and discharge the person at any time if such termination is warranted by the conduct of the offender and the ends of justice."

Where a statute is to be interpreted, the Court must give effect to the intent of the Legislature, and "it is our duty to examine other parts of one system of legislation dealing with the same subject matter." *State* v. *Welch*, 135 Vt. 316, 321, 376 A.2d 351,

354 (1977). Here, a survey of other statutes in the legislative scheme reveals that § 251 does not refer to discharge in cases where the period of probation is fixed in length. Instead, it applies in cases where early discharge of the probationer is deemed appropriate. This interpretation is supported by 28 V.S.A. § 255, entitled "Discharge," which provides: "Upon the termination of the period of probation or the earlier discharge of the probationer in accordance with section 251 of this title, the probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the crime."

Moreover, the statutory scheme indicates that, in cases where the period of probation is prescribed, discharge from probation is automatic upon the expiration of the period. Section 255, for example, equates discharge from probation with the termination of the period of probation. In like manner, the statutory section dealing with revocation of probation provides that a probationer may be summoned or arrested "[a]t any time before the discharge of the probationer or the termination of the period of probation . . . ." 28 V.S.A. § 301. This interpretation of legislative intent comports with important policies underlying probation. As the Eighth Circuit has stated: "We recognize the vital significance of the fixed period of probation to probationers. . . . '[w]hen a defendant is placed on probation he is told, in effect, that if he lives up to the conditions of probation for the required period he will then be a free man.' " *United States* v. *Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974) (quoting *Sanford* v. *King*, 136 F.2d 106, 108 (5th Cir. 1943)).

Here, of course, defendant did not live up to the conditions of probation. The question becomes, then, whether the court had jurisdiction to act on this failure where defendant's prescribed probation period had already terminated without the filing of a complaint or the issuance of an arrest warrant. We hold that the court did not have jurisdiction under these circumstances. Both of the statutory sections relating to modification or revocation of probation require that proceedings be initiated prior to the termination of probation. 28 V.S.A. §§ 253, 301. In the course of interpreting a predecessor statute, P.L. 8879, this Court stated that "[t]he statute makes the State probation officer the proper officer to charge a probationer with having violated the conditions of his probation . . . and it is doubtless true that such proceedings must be instituted by the probation officer *during*

*the term of probation." In re Parker*, 107 Vt. 463, 473, 181 A. 106, 110 (1935) (emphasis added).

Our holding is consistent with the case law of other jurisdictions. The Supreme Court of Washington has held that jurisdiction over probationers in that state ends upon the expiration of the probationary period and that courts thereby lose the authority to revoke or modify the terms of probation. *State* v. *Mortrud*, 89 Wash. 2d 720, 724, 575 P.2d 227, 229 (1978). The court was unconvinced by an argument that such an interpretation would provide no recourse against a defendant for probation violations occurring late in the probationary period, observing that:

> If there were any violations, only those of a technical nature would go unpunished. Criminal violations are punishable on their own, and a defendant's past record is both relevant and admissible when the sentence is determined. This contention of the State is more than outweighed by the goal which the rule in this case should help to attain: to discourage administrative inertia in handling matters concerning probationers.

*Id.* See also *People* v. *White*, 133 Cal. App. 3d 677, 680, 184 Cal. Rptr. 134, 137 (1982) (jurisdiction terminates at end of probation period); *State ex rel. Carlton* v. *Haynes*, 552 S.W.2d 710, 714 (Mo. 1977) (revocation can occur after probationary period only if formal revocation procedures are initiated during that period); and *People* v. *McDonald*, 52 Ill. App. 2d 254, 261, 202 N.E.2d 143, 146 (1964) (jurisdiction ends if no revocation before termination of definite probation period).

Here, it is true that defendant may go unpunished for his failure to pay the fine within the term of his probation, but this violation is merely technical. Defendant concedes that his obligation to pay the fine is in no way dependent upon his probationary status and that the State continues to have the right — and several procedural methods — to seek payment. We also note that the problematic circumstances were created by the drafting of the probation agreement. The repayment condition could have required weekly payments during the course of probation and thereby allowed for official action, if necessary, during the term of probation. We hold that the lower court had no jurisdiction to modify the terms of probation and that its order is therefore void.

*Reversed.*