## State of Vermont v. Betty Murray

[617 A.2d 135]

No. 91-390

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 4, 1992

*Dan M. Davis*, Windham County State's Attorney, *Christopher C. Moll*, Deputy State's Attorney, and *R. Jennings Cantrel*, Legal Intern, Brattleboro, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Anna E. Saxman*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals a trial court decision extending the terms of her deferred-sentence agreement after the period of the deferral had passed but before the five-year limit on deferred sentences contained in 13 V.S.A. § 7041(a) had expired. We reverse.

Defendant pled no contest in district court on October 15, 1987, to a charge of welfare fraud. On that same day she and the State entered into a deferred-sentence agreement, which was approved by the court. Pursuant to the agreement the court deferred imposition of sentence for three years, from "the 15th day of October, 1987, to the 15th day of October, 1990," and placed defendant on probation "until further order of the

Court." The agreement provided that during the period that it was in effect the defendant agreed to abide by a number of conditions. Among the conditions, defendant was required to pay restitution in an amount later determined to be approximately $3,000. The agreement further stated, "It is understood by the defendant . . . that if the conditions of this . . . agreement are violated, the Court shall impose sentence. Upon fulfillment of the terms of probation and of this deferred sentence agreement, the Court shall strike the adjudication of guilt and discharge the defendant."

On February 19, 1991, four months after the period of sentence deferral agreed to and ordered had expired, the Department of Corrections petitioned the court to discharge defendant from her probation, [1] and sought the court's guidance with respect to a large portion of the restitution that remained unpaid. After submission of memoranda and a hearing on the issue, the court held that it retained jurisdiction over defendant because she had not been formally discharged from probation and the five-year limit for imposition of sentence set forth in 13 V.S.A. § 7041(a) had not expired. The court also ruled that defendant would remain on probation.

■ On appeal, defendant claims that the court erred in extending her period of probation beyond the three years contemplated in the deferred sentence agreement, and in penalizing her for failing to make full restitution payments without making findings as to her ability to pay. Because we agree that, without provision of notice to defendant of her violation of probation during its term, the court was without authority to extend defendant's probation after it had expired, we need not reach the second issue.

■ The statute under which the court proceeded in imposing a deferred sentence provides in relevant part:

(a) Upon an adjudication of guilt . . ., the court may defer sentencing and place the respondent on probation upon such terms and conditions as it may require if a written

---

[1] The letter from the Department of Corrections to the court indicated that the reason the Department had not petitioned earlier for defendant's discharge was the apparent neglect of defendant's probation officer.

agreement concerning the deferring of sentence is entered into between the state's attorney and the respondent and filed with the clerk of the court. . . . Thereafter the court may impose sentence at any time within five years from and after the date of entry of deferment.

(b) Upon violation of the terms of probation or of the deferred sentence agreement, the court shall impose sentence. Upon fulfillment of the terms of probation and of the deferred sentence agreement, the court shall strike the adjudication of guilt and discharge the respondent. . . .

13 V.S.A. § 7041. There is no description in the statute of the nature of the probation imposed. That subject is covered in 28 V.S.A. §§ 201–305. Although the regulatory provisions in Title 28 are normally used for post-sentence probation, see 28 V.S.A. § 205, they apply equally to probation imposed as part of a deferred sentence. See A. Campbell, Law of Sentencing § 11, at 52–53 (1978) (whether the court has suspended a sentence or has suspended the imposition of sentence, the rationale and effect of probation are the same); *Neal v. United States*, 571 A.2d 222, 226 (D.C. App. 1990) (under similar D.C. statutory scheme, general provisions on probation apply to probation under a deferred sentence). In fact, our rule of statutory construction that statutes dealing with the same subject matter be read in pari materia would command that result. [2] See *Nash v. Warren Zoning Board of Adjustment*, 153 Vt. 108, 112–13, 569 A.2d 447, 450 (1989) (general procedural requirements of zoning appeals apply to conditional use cases although the authority for conditional uses is in a separate statute).

A number of statutes in Title 28 are relevant to this case. 28 V.S.A. § 255 provides that when probation terminates or a probationer is discharged early pursuant to § 251, the "probationer shall be relieved of any obligations imposed by the order of the court and shall have satisfied his sentence for the crime." Section 251 authorizes the court to terminate the probation early

---

[2] We also note that the authority for imposing restitution conditions is in 13 V.S.A. § 7043. The statute provides that "[r]estitution orders may be enforced as conditions of probation . . . if the convicted person is sentenced to probation . . . ." *Id.* § 7043(e). It clearly refers to the enforcement provisions set forth in 28 V.S.A. §§ 301–305, and is the authorization for the restitution condition involved in this case.

"if such termination is warranted by the conduct of the offender and the ends of justice." The power of the court or probation officer to arrest or summons a probationer to answer charges that probation should be revoked is limited to the period "before the discharge of the probationer or the termination of the period of probation." 28 V.S.A. § 301.

We have considered the application of these statutes where the court sentences a convicted defendant to a fixed term of probation and an attempt is made to revoke probation after the term has expired because of a violation that occurred within the probationary term. See *State v. White*, 150 Vt. 132, 549 A.2d 1069 (1988). In *White*, we held that the court ordinarily loses jurisdiction to revoke or modify probation when the probation term ends, unless revocation or modification proceedings have been initiated prior to its expiration. *Id.* at 134–35, 549 A.2d at 1071. The circumstances in *White* were virtually identical to those here—that is, the court acted after the expiration of a probationary term to extend it to enforce defendant's obligation to pay. We held that the extension was unlawful because the court had lost jurisdiction over the probationer on the expiration of the term. *Id.* The only relevant difference between this case and *White* is that the probation term in this case is part of a deferred-sentence agreement. Deciding whether this distinction makes a difference requires us to examine the rationale for *White*, the circumstances presented by a deferred sentence, and the particular deferred-sentence agreement in this case.

*White* is based on the statutes set forth above as well as 28 V.S.A. § 205, which requires that a sentence of probation be "for such time as [the court] may prescribe." Drawing on the relevant statutes, we recognized "'the vital significance of the fixed period of probation to probationers.'" 150 Vt. at 134, 549 A.2d at 1071 (quoting *United States v. Strada*, 503 F.2d 1081, 1084 (8th Cir. 1974)). When placed on probation, a defendant is told, in effect, that after living up to the conditions of probation for the required period the defendant becomes free. *Id.*

We also noted in *White* that the State has "the right—and several procedural methods"—to collect the amount of restitution the defendant continued to owe despite the termination of probation. *Id.* at 135, 549 A.2d at 1072. As in this case, the circumstances in *White* were created by poor drafting of the pro-

bation agreement that failed to turn the lump sum fine amount into a periodic payment responsibility. *Id.* We noted that proper drafting could avoid the problem in the future.

The State emphasizes the differences in the statutory provisions between deferred-sentence probation and post-sentence probation. Thus, it relies on the absence of a probationary time limit in 13 V.S.A. § 7041, the authorization to impose sentence "at any time within five years," and the specific statement that the adjudication of guilt is stricken only when defendant fulfills the terms of probation.

For two reasons, we find these arguments misdirected. First, as discussed above, the provisions governing probation in Title 28 apply to deferred-sentence probation where there is no conflict with the specific provisions of § 7041. Thus, 28 V.S.A. § 255 applies here to supply the term limit not expressly stated in § 7041. When the probation term has ended, the probationer is "relieved of any obligations imposed by the order of the court." 28 V.S.A. § 255.

The controlling effect of § 255 is consistent with a proper interpretation of the five-year time limit in § 7041(a). That statute contemplates that the terms and conditions of probation will be agreed to between the State and the defendant, subject to the approval of the court. Thus, a defendant may bargain with the State for certain terms and conditions prior to entering into the agreement. To read the statute as in all cases granting the court revocation or modification power for five years from sentence deferral would deny the defendant and the State the opportunity to negotiate over the term that may well be most important to them, the duration of the probation obligation. It is more consistent with the wording of the statute and the overall statutory scheme to interpret the five-year provision as an outer limit on the length of the probationary obligation that can be ordered by the court. See *Jett v. Leverette,* 162 W. Va. 140, 144, 247 S.E.2d 469, 471 (1978) (similar statute applicable to post-sentence probation sets a maximum of five years on probationary period; court can impose shorter duration but loses jurisdiction after the shorter period expires). This interpretation has two effects. It limits the duration for which a court may defer sentencing to five years. Alternatively, in a case where no period for sentence deferral or probation is set by the

court, or where a sentence is deferred with probation "until further order of the court," as in *Sherwin v. Hogan*, 136 Vt. 606, 609, 401 A.2d 895, 896 (1979), it establishes a maximum period of five years. It does not, however, automatically extend every sentence deferral to five years where the parties have agreed to a shorter period and the court has approved that agreement.

The second reason we reject the State's argument is that this case involves an extension of the period of deferral and probation, not the imposition of sentence because of a probation violation. Thus, subsection (b) of § 7041 is not relevant to this case. If there is a conflict between the specific provisions of § 7041 and the general provisions governing probation in Title 28, it relates to the power of the court to impose sentence following the expiration of the period of probation based on a finding that the terms of probation were not fulfilled. We need not, and do not, decide whether the court has the power to impose sentence in those circumstances. [3] However we would decide that question, we cannot accept that the statute authorizes the court neither to discharge defendant and strike the adjudication of guilt nor to impose sentence.

The State's final argument is based on the specific language of the deferred-sentence agreement. The agreement, which was contained on a standard form, provided that the defendant agreed to abide by the terms set forth in the agreement "and to a term of probation imposed by the Vermont District Court, until further order of the Court." The State reads into the reference to a further order of the court the power to extend the duration of probation.

----

[3] The one comparable case we have found from another jurisdiction, *Neal v. United States*, 571 A.2d 222 (D.C. App. 1990), held that the jurisdictional bar to acting after the period of probation had expired applied in a sentence-deferral situation. *Id.* at 226. The court, in a 2-to-1 decision, reached this result even though the sentence-deferral statute allowed expungement of the conviction only "[i]f during the period of probation such person does not violate any of the conditions of the probation . . . ." *Id.* (citing D.C. Code § 33.541(e)(1) (1988 repl.)). The court concluded that no specialized and separate probationary structure was contemplated by the legislature for those receiving a deferred sentence. *Id.* The dissent argued that the majority did not "interpret in the most sensible way the straightforward language of" the deferral statute. *Id.* at 227 (Steadman, J., dissenting).

The State's interpretation conflicts with other language in the agreement as well as with the court's order. The agreement specifies that its duration is three years, and defendant's agreement to abide by its terms is limited to that period. The court ordered a deferred sentence for a period of three years.

We cannot accept the State's argument. A deferred-sentence agreement, like all probation agreements, is a form of contract, *State v. Duffy*, 151 Vt. 473, 477, 562 A.2d 1036, 1038 (1989), subject to the normal rules for construction of contracts. A contract is ordinarily construed, where ambiguous, against the party that crafts it. *Trustees of Net Realty v. AVCO Financial Services*, 147 Vt. 472, 475–76, 520 A.2d 981, 983 (1986). To the extent there is ambiguity in this agreement, we resolve it against the State. Additionally, a probationer should be clearly informed of the terms and conditions of her probation. *State v. Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201-02 (1985). We cannot conclude that the general reference to a further order of the court authorized the court to extend the duration of defendant's probation despite the very specific durational limit in the agreement and the court's order. Certainly, defendant was not clearly informed of this authorization by the words of the agreement. In fact, as shown by its petition to the trial court, the Department of Corrections believed that its only available option under the agreement and statute was to discharge defendant from probation. It is difficult to conclude that defendant should have understood the court's power when the Department did not find that power in the agreement.

The State's argument is similar to the one made in *White* that the language of 28 V.S.A. § 205, that the court could terminate the period of probation "at any time," authorized extending the period of probation. When we viewed that language in context, we determined that it authorized the court only to shorten the duration of probation. *White*, 150 Vt. at 134, 549 A.2d at 1071. Similarly, we view the "further order of the court" language in this agreement as an authorization to shorten, not lengthen, the probationary period.

As in *White*, our holding does not preclude the State from seeking to collect restitution through alternative means. Nor do we believe that our holding prevents proper enforcement of probation agreements. The State can insist that periodic pay-

ment obligations be incorporated into the agreement and act before the end of the term of probation.

*Reversed and remanded.*