The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

C.G., Defendant–Appellee.

No. 99CA1927.

Colorado Court of Appeals, Div. V.

Aug. 31, 2000.

Alexander M. Hunter, District Attorney, William F. Nagel, Appellate Chief Deputy District Attorney, Boulder, Colorado, for Plaintiff–Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge RULAND.

The prosecution appeals from an order authorizing the withdrawal of a guilty plea entered by defendant, C.G., and dismissing the charges against her. We disapprove the trial court's ruling.

On May 3, 1996, defendant pled guilty to cultivation of marijuana pursuant to a four-year deferred judgment and sentence agreement. Under the terms of the agreement, defendant was to be supervised for four years and to undergo a drug evaluation and treatment program. In addition, defendant agreed to perform 400 hours of community service and to pay various associated costs and surcharges. Finally, the agreement included a prohibition against violating "any

municipal, state or federal law during supervision."

With reference to resolution of the charge against defendant, the agreement provided that:

If the defendant satisfactorily completes the conditions imposed below then upon the expiration of 4 years from the date of entry of the guilty plea, the District Attorney will agree to the entry by the Court of an order allowing the defendant to withdraw ... her previously entered plea of guilty.

Conversely, the parties also agreed that a violation of any condition of the agreement would result in entry of judgment of conviction and imposition of sentence.

In 1998, the probation department filed a petition for early termination of the agreement and for dismissal of the case with prejudice. In that petition, the probation department informed the court that defendant had completed drug treatment, had performed 400 hours of public service, and had paid all of the required costs and fees.

The prosecution filed an objection to the request arguing that early dismissal was not provided for in the agreement. According to the prosecution, the deferred judgment and sentence agreement was entered based on an expectation that it would serve to deter defendant from committing any new offenses for a full four-year period. The trial court denied the probation department's request.

In 1999, the probation department filed a second request for early termination indicating that further supervision of defendant was inconsistent with probation department policies because it would not benefit either defendant or the community. Attached to the second request was a letter from defendant in which she asserted that the deferred judgment and sentence were impeding her ability to obtain employment. The prosecution filed another response restating its objection to early termination.

On August 18, 1999, the trial court, a different judge presiding, held a hearing on the probation department's petition. Neither defendant nor her counsel appeared. At that hearing, the prosecution informed the court that, although there was no objection to early termination of supervision by the probation department, the prosecution did object to early termination of the other provisions of the agreement. Nevertheless, the trial court entered the order at issue, reasoning that a deferred judgment and sentence agreement is similar to probation and that trial courts possess "general supervisory powers" to terminate the arrangements early. The prosecution then filed this appeal pursuant to § 16–12–102(1), C.R.S.1999.

█ Initially, we note that the four-year period of the deferred judgment and sentence agreement expired while this appeal was pending. In response to this court's show cause order, the prosecution has conceded that it has no knowledge of any new criminal violation by defendant during the term of the agreement thus suggesting that the issue is now moot. Nevertheless, we elect to address the issue presented because that issue might otherwise evade appellate review. *See Colorado Compensation Insurance Authority v. Jorgensen,* 992 P.2d 1156 (Colo.2000).

The deferred judgment and sentencing statute, § 16–7–403, C.R.S.1999, provides, in relevant part, as follows:

(1) In any case in which the defendant has entered a plea of guilty, the court accepting the plea has the power, *with the written consent of* the defendant and his attorney of record and *the district attorney,* to continue the case for a period not to exceed four years from the date of entry of a plea to a felony ... for the purpose of entering judgment and sentence upon such plea of guilty.... During such time, the court may place the defendant under the supervision of the probation department.

(2) Prior to entry of a plea of guilty to be followed by deferred judgment and sentence, *the district attorney,* in the course of plea discussion ... *is authorized to enter into a written stipulation,* to be signed by the defendant, the defendant's attorney of record, and the district attorney, *under which the defendant is obligated to adhere to such stipulation.* ... Upon full compliance with such conditions

by the defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice. (emphasis supplied)

 "It is the defendant who is the primary beneficiary of [deferred sentencing] which ultimately may result in the dismissal of the charges against him." *People v. McPherson*, 897 P.2d 923, 925 (Colo.App. 1995). Thus, the question before us is whether a trial court, in the absence of the prosecution's consent, may confer this benefit sooner than provided by the agreement.

Our goal in interpreting a statute is to determine and give effect to the intent of the General Assembly. To ascertain that intent, we must first look to the statutory language in question. When the statutory language is clear and unambiguous, we do not resort to interpretive rules of statutory construction. *People ex rel. R.W.V.*, 942 P.2d 1317 (Colo.App.1997).

Cases interpreting § 16-7-403 have consistently recognized that the deferred judgment statute does not permit trial courts to act unilaterally. *People v. Appelhanz*, 738 P.2d 1182 (Colo.1987)(trial court lacked power to enter a deferred sentence and judgment without prosecutor's consent); *People v. Berquist*, 916 P.2d 629 (Colo.App.1996)(trial court cannot enter judgment and impose sentence unless the district attorney files an application for revocation of the deferred judgment and sentence); *see also People v. Widhalm*, 642 P.2d 498 (Colo.1982)(where court conducts revocation hearing and finds the defendant has violated the terms of a deferred judgment agreement, the court must enter judgment of conviction).

We likewise conclude that the language of § 16-7-403 prevents a trial court from shortening the stipulated length of a deferred judgment and sentence agreement without the district attorney's consent. The statute clearly specifies that a defendant is "obligated to adhere" to the stipulation and that dismissal of the charges will only occur "[u]pon full compliance" with the stipulated conditions.

Contrary to the trial court's conclusion, we do not read *People v. Burleigh*, 727 P.2d 873 (Colo.App.1986) or *People v. Bishop*, 7 P.3d 184 (Colo.App.1999), as support for early termination. Each of those cases addresses the trial court's authority to impose the initial conditions for probation or entry of a deferred judgment. Neither addresses the court's authority to modify an agreement such as that here without the district attorney's consent.

In this case, one of the stipulated conditions was a four-year period of law-abiding behavior by defendant. That condition was not fully satisfied as of August 18, 1999. Therefore, the trial court lacked authority to dismiss the case on that date without the district attorney's consent.

Accordingly, the trial court's ruling is disapproved.

Judge CASEBOLT and Judge VOGT concur.