2003 VT 66

**STATE of Vermont v. Tyler LEACH**

[833 A.2d 1260]

No. 02-227

¶ 1. August 29, 2003. Defendant Tyler Leach appeals from the trial court's order denying his motion to reconsider his motion to dismiss. Defendant argues that the trial court lacked jurisdiction over him because his probation had expired. We affirm.

¶ 2. In September 2000, defendant led police on a lengthy car chase that resulted in substantial damage to the pursuing officer's vehicle. The parties agreed that defendant would serve a six-month deferred sentence, with the condition that defendant's sentence could be extended to allow him time to pay restitution, if restitution was ordered. Defense counsel explained that this condition was designed to prevent defendant from having his deferred sentence revoked if he could not afford to pay restitution.

¶ 3. On April 2, 2001, defendant pled guilty to one count of attempting to elude a police officer. The court accepted the parties' plea agreement, and sentenced defendant to a six-month deferred sentence with administrative probation. The deferred sentence agreement provided that defendant "shall pay restitution, if ordered by the court after hearing, and may extend duration of deferred sentence to reflect time needed to pay restitution if ordered to pay same."

¶ 4. On May 2, 2001, the court held a restitution hearing. The State presented evidence that defendant caused over four thousand dollars of damage to the pursuing officer's vehicle. Although defendant had been notified to appear, he did not do so, and the court continued the hearing until May 18, 2001. On that date, defendant testified that he was unemployed, financially insolvent, and a single parent to three young children. He stated that he was trying to start his own business, and did not know how much income it would generate in the future. In light of this, the court stated that it would "simply leave an order in the file that [we'll] check back with you in six months or so, see how things are going and take it from there."

¶ 5. On July 12, 2001, the court concluded in a written opinion that the State had suffered $4370.23 in damages. The court found that defendant "will have the ability to pay restitution; but at present he does not have an ability to pay." Because the court could not establish a present method of payment, it ordered the case set for further proceedings in six months. Defendant did not appeal this order.

¶ 6. In September 2001, the court notified defendant that it had set a second restitution hearing for February 12, 2002. On January 18, 2002, defendant filed a motion to dismiss, arguing that the court lacked jurisdiction over him. Defendant asserted that his probationary term had expired because the court had not ordered him to pay restitution within his original probation term, nor had any probation violation proceedings been initiated against him. After a hearing, the court denied defendant's motion. In a written opinion, the court explained that its July 2001 order had established defendant's restitution obligation and extended defendant's deferred sentence. The court found that defendant had

agreed to this extension by failing to object to the court's order. Defendant filed a motion to reconsider, which the court denied after a hearing. This appeal followed.

¶ 7. On appeal, defendant contends that the trial court should have dismissed the proceedings against him for lack of jurisdiction. He argues that, because he agreed to a fixed probation term, the court could not extend his probation unless revocation or modification proceedings had been initiated against him during his original probation term. He asserts that his probation was not extended because the court failed to issue a restitution order within his original probation term. Even assuming that the court's July 2001 order extended his deferred sentence, defendant argues, the court failed to hold a second hearing within the six-month period specified in its order. Defendant relies on *State v. White*, 150 Vt. 132, 549 A.2d 1069 (1988), and *State v. Murray*, 159 Vt. 198, 617 A.2d 135 (1992), for support.

¶ 8. We find defendant's arguments unavailing. A deferred sentence agreement "is a form of contract subject to the normal rules for construction of contracts." *Murray*, 159 Vt. at 205, 617 A.2d at 139 (internal citation omitted). "Where the language of the agreement is clear, the intention and understanding of the parties must be taken to be that which their agreement declares." *Lamoille Grain Co. v. St. Johnsbury & Lamoille County R.R.*, 135 Vt. 5, 8, 369 A.2d 1389, 1390 (1976). In this case, defendant agreed to a conditional, rather than fixed, term of probation; he agreed that his deferred sentence could be extended to allow him time to pay restitution, if restitution was ordered. Restitution was ordered in July 2001 when the court determined, without objection, that defendant owed the State $4370.23. The only remaining issue was *when* defendant could pay, given his financial situation. The court's order triggered the condi-

tional provision of defendant's deferred sentence agreement, and extended his deferred sentence until he would be able to satisfy his restitution obligation.

¶ 9. Defendant's reliance on *White*, 150 Vt. 132, 549 A.2d 1069, and *Murray*, 159 Vt. 198, 617 A.2d 135, is misplaced. In *White*, we explained that a probationer is automatically discharged from probation upon the expiration of a prescribed period of probation. *White*, 150 Vt. at 133-34, 549 A.2d at 1070-71. Consequently, the trial court lacks jurisdiction to revoke or modify probation based on a complaint filed after the expiration of a fixed probation term. *Id.* at 134, 549 A.2d at 1071. Similarly, in *Murray*, we concluded that the trial court could not extend a defendant's period of probation beyond that contemplated in a deferred sentence agreement. *Murray*, 159 Vt. at 199, 617 A.2d at 136. In that case, defendant agreed to a three year term of probation. Four months after the expiration of her deferred sentence agreement, the court ordered her probation extended until restitution was fully paid. We explained that the court could not extend defendant's probation unless it had notified her of her violation during her probation term. *Id.* at 200, 617 A.2d at 136.

¶ 10. In both *White* and *Murray*, defendants agreed to fixed probationary terms. In both cases, we emphasized the "vital significance of the fixed period of probation to probationers." *White*, 150 Vt. at 134, 549 A.2d at 1071 (internal quotation marks and citation omitted); *Murray*, 159 Vt. at 202, 617 A.2d at 138 (internal quotation marks and citations omitted). We explained that, "[w]hen placed on probation, a defendant is told, in effect, that after living up to the conditions of probation for the required period the defendant becomes free." *Murray*, 159 Vt. at 202, 617 A.2d at 138; see also *White*, 150 Vt. at 134, 549 A.2d at 1071.

¶ 11. Unlike the defendants in *White* and *Murray*, defendant here did not agree to a fixed term of probation with

the expectation that he would be "free" at its expiration. Instead, defendant was "clearly informed" that his sentence could be extended to allow him time to pay restitution. *Murray*, 159 Vt. at 205, 617 A.2d at 139. We reject defendant's argument that the conditions of his probation were so unclear that compliance with its terms was outside his control. Consistent with his deferred sentence agreement, the court found defendant liable for $4370.23 within his original probation term. The court's order triggered the conditional provision in defendant's agreement, and extended defendant's probation until restitution was paid. Thus, the trial court retained jurisdiction over defendant, and it properly denied his motion to reconsider his motion to dismiss. We note that the law now requires probationers to satisfy their restitution obligations before they can be discharged from probation. See 13 V.S.A. §§ 7041(b); 7043(l) (amended 2001, No. 134 (Adj. Sess.), §§ 2, 3).

*Affirmed.*