Christian GOU–LEONHARDT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–11549.

Court of Appeals of Alaska.

April 11, 2014.

William R. Satterberg Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for the Appellant.

Risa C. Leonard, Assistant District Attorney, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, ALLARD, Judge, and HANLEY, District Court Judge.*

### OPINION

ALLARD Judge.

In 2011, Christian Gou–Leonhardt pleaded guilty to felony driving under the influence [1] pursuant to a plea agreement that granted him admission to the Fairbanks Wellness Court. The plea agreement specified that if Gou–Leonhardt successfully completed the wellness court program, he would receive a sentence of 24 months' imprisonment with all 24 months suspended, and 3 years of unsupervised probation.

After Gou–Leonhardt successfully completed the wellness court program, he filed a motion asking the superior court to deviate from this plea agreement and grant him a suspended imposition of sentence so he could have his conviction set aside if he successfully completed probation.[2] Gou–Leonhardt as-

serted that AS 28.35.028(b) gave the court the authority to unilaterally alter the plea agreement and impose a suspended imposition of sentence "notwithstanding ... any other provision of law."

The superior court disagreed with this expansive view of its authority and sentenced Gou–Leonhardt according to the terms of his plea agreement. Gou–Leonhardt now appeals that decision. For the reasons discussed below, we affirm the judgment of the superior court.

*Why we conclude the superior court was bound by the terms of the plea agreement*

■ The Alaska Legislature has authorized a system of wellness courts, a jail diversion program for substance abusers that seeks to promote their abstinence and recovery by offering them intensive treatment and community supervision in lieu of imprisonment.[3] The statutory framework for wellness courts is found in AS 28.35.028.

Under this statute, both the prosecutor and the defendant must consent to a defendant's participation in the program.[4] If the parties agree to the defendant's participation, and if the defendant is accepted for admission into the program, the statute then requires the defendant to enter a plea of guilty or no contest and directs the court "to enter a judgment of conviction for the offense or offenses for which the defendant has pleaded."[5]

Although the statute allows a defendant to plead guilty or no contest with no pre-conditions, the statute also permits the defendant and the State "to enter into a plea agreement to determine the offense or offenses to which the defendant is required to plead."[6] The statute declares that if the court accepts the

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

1. AS 28.35.030(a)(1), (n).

2. *See* AS 12.55.085.

3. For a description of the Fairbanks Wellness Court program, see Alaska Court System, Fair-

banks Wellness Court, http://courts.alaska.gov/ fairbanksct.htm/ (last visited Feb. 24, 2014).

4. AS 28.35.028(a).

5. AS 28.35.028(b).

6. *Id.*

plea agreement, "the court shall enforce the terms of the agreement." [7]

On its face, this provision of the statute would seem to resolve Gou–Leonhardt's appeal against him. Gou–Leonhardt's plea agreement with the State specified the particular sentence he would receive if he successfully completed the Fairbanks Wellness Court program (as well as the sentence he would receive if he did not). Because AS 28.35.028(b) requires the court to "enforce the terms of the [plea] agreement," the court seemingly had no discretion to unilaterally deviate from the terms of the plea agreement.[8]

Gou–Leonhardt argues that this interpretation of AS 28.35.028(b) ignores another clause of the statute—a clause that is found several sentences later in the statutory text. We have italicized the particular language Gou–Leonhardt relies on:

> [N]otwithstanding Rule 35, Alaska Rules of Criminal Procedure, *and any other provision of law,* the court, at any time after the period when a reduction of sentence is normally available, may consider and reduce the defendant's sentence based on the defendant's compliance with the treatment plan[.]

According to Gou–Leonhardt, this provision of the statute gives wellness court judges the authority to ignore "any other provision of law"—including the provisions of law governing the enforcement of plea agreements—when sentencing a defendant who has successfully completed the wellness court program. In other words, Gou–Leonhardt argues that wellness court judges have the authority to impose any sentence they want in this circumstance.

█ When construing a statute, we look to three primary factors: "the language of the statute, the legislative history, and the legislative purpose behind the statute." [9] None of these factors supports Gou–Leonhardt's expansive reading of AS 28.35.028(b).

█ Under the normal rules of statutory construction, the meaning of an unclear word or phrase in a statute may be gleaned from the words associated with it.[10] Here, the clause in question is preceded by the phrase "notwithstanding Rule 35 [of the] Alaska Rules of Criminal Procedure," and is followed by the clause that authorizes the wellness court judge to reduce a defendant's sentence "[even] after the period when a reduction of sentence is normally available." Thus, when read in context, the clause "notwithstanding Rule 35 [of the] Alaska Rules of Criminal Procedure, and any other provision of law" speaks only to a wellness court judge's authority to modify a defendant's sentence outside the *time limits* otherwise imposed by Alaska law.[11]

The legislative history directly supports this reading of the statute. In an uncodified section of the 2006 session law that enacted the wellness court statute, the Legislature declared that AS 28.35.028(b) "has the effect of amending Rule 35, Alaska Rules of Criminal Procedure, by allowing a court to consider and reduce a criminal sentence outside of the time periods currently provided by that rule." [12]

This interpretation is also supported by the remaining provisions in AS 28.35.028(b), which grant wellness courts the authority to

---

**7.** *Id.*

**8.** *See also* Alaska R.Crim. P. 11(e)(2) (requiring the court to impose sentence in accordance with plea agreement); *cf. Wooley v. State,* 221 P.3d 12, 20 (defendant may not seek "selective enforcement" of only favorable terms of a plea agreement).

**9.** *Oels v. Anchorage Police Dep't Employees Ass'n,* 279 P.3d 589, 595 (Alaska 2012) (quoting *Shehata v. Salvation Army,* 225 P.3d 1106, 1114 (Alaska 2010)).

**10.** *Dawson v. State,* 264 P.3d 851, 858 (Alaska App.2011) (citing 2A Norman J. Singer, *Suther-*

*land's Statutes and Statutory Construction* § 47.16, at 356–57 (7th ed.2007)).

**11.** *See, e.g.,* Alaska R.Crim. P. 35(b) (a sentencing court may only reduce a defendant's sentence within 180 days after the distribution of the judgment); Alaska R.Crim. P. 35(g) (even though a court normally has the authority to relax a procedural deadline under Alaska Criminal Rule 53, a sentencing court may only relax the 180-day deadline specified in Rule 35(b) by ten days).

**12.** Ch. 56, § 8, SLA 2006.

depart from otherwise mandatory minimum sentences and otherwise applicable presumptive sentence ranges under certain circumstances.[13] These grants of authority would not be necessary if, as Gou–Leonhardt contends, the wellness court judge already had unlimited authority to reduce the defendant's sentence "notwithstanding ... any provision of law" to the contrary.[14]

Finally, we note that Gou–Leonhardt's interpretation is inconsistent with the underlying policy goals of the wellness courts. The Legislature created the system of wellness courts because it recognized that this form of intensive treatment and rehabilitation could serve the public interest and enhance public safety as well, if not better, than incarceration or other more traditional forms of punishment.[15] If we interpreted AS 28.35.028(b) as Gou–Leonhardt proposes—as granting the wellness court judge the power to unilaterally alter a plea agreement that has already been accepted and executed—then the State could never be sure that it would receive the bargained-for benefits of its plea agreement with wellness court defendants. The predictable result would be an increased reluctance on the part of the State to make such plea agreements. And because no defendant can enter a wellness court program without the State's consent, this would probably mean a substantial reduction in the number of defendants in wellness courts—a result clearly at odds with the Legislature's intent.

Accordingly, we conclude that AS 28.35.028(b) requires the wellness court judge to enforce the terms of a plea agreement entered into by the State and a defendant. Here, the plea agreement between the State and Gou–Leonhardt specified the sentence that Gou–Leonhardt would receive if he successfully completed the Fairbanks Wellness Court program. The superior court was required to impose this agreed-upon sentence, and therefore the court correctly denied Gou–Leonhardt's request for a suspended imposition of sentence.[16]

*Conclusion*

The judgment of the superior court is AFFIRMED.

13. AS 28.35.028(b) goes on to state:
   [W]hen reducing a sentence, the court (1) may not reduce the sentence below the mandatory minimum sentence for the offense unless the court finds that the defendant has successfully complied with and completed the treatment plan and that the treatment plan approximated the severity of the minimum period of imprisonment, and (2) may consider the defendant's compliance with the treatment plan as a mitigating factor allowing a reduction of a sentence under AS 12.55.155(a).

14. These grants of authority are analogous to a court's authority under AS 12.55.025(c) and *Nygren v. State*, 658 P.2d 141, 146 (Alaska App. 1983), to grant jail-time credit for time spent under court order in a rehabilitation program that has conditions approximating incarceration, and to a court's authority under AS 12.55.155(a)

to impose sentence below the presumptive range based on the existence of statutory mitigating factors.

15. *See* Minutes of House Judiciary Committee, House Bill 441, remarks of Representative Tom Anderson, 2:45:17 p.m. (Feb. 24, 2006).

16. We do not reach the question of whether a suspended imposition of sentence would be available in the absence of a plea agreement specifying the defendant's sentence. *See* AS 28.35.028(h)(2) ("sentence" or "sentencing" includes a suspended imposition of sentence as authorized under AS 12.55.085). *But see* AS 28.35.030(b)(2)(B), (n)(2)(B); AS 28.35.032(g)(2)(B), (p)(2)(B) (prohibiting suspended imposition of sentences for driving under the influence and refusal convictions).