NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 66

No. 2016-195

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Bennington Unit, |
| | Criminal Division |
| | |
| Bryan Love | September Term, 2016 |

David A. Howard, J.

Jonathan Ward, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

Peter F. Langrock and Devin McLaughlin of Langrock Sperry & Wool, LLP, Middlebury, for
 Defendant-Appellant.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.      **DOOLEY, J.**   In this appeal, we consider defendant's request, over the State's objection, to have his probation obligations terminated and his criminal convictions expunged halfway through his stipulated deferred-sentence term. The trial court concluded that it had no authority to grant such relief. We agree, and therefore affirm the trial court's decision.

¶ 2.      The record indicates the following. In December 2012, defendant was charged with two felony counts of lewd and lascivious conduct with a child, and he faced the possibility of significant jail time. By virtue of a plea agreement with the State, defendant instead pled guilty to two misdemeanor counts of prohibited acts, with a "4 year deferred sentence." The deferred sentence required the State's consent, and it gave defendant the opportunity to avoid criminal convictions on these counts altogether. See 13 V.S.A. § 7041(a) (stating that "court may defer

sentencing and place the respondent on probation upon such terms and conditions as it may require if a written agreement concerning the deferring of sentence is entered into between the state's attorney and the respondent and filed with the clerk of the court"). If defendant fulfilled "the terms of probation and of the deferred sentence agreement," the court would "strike the adjudication of guilt and discharge" him. Id. § 7041(e). If he violated "the terms of probation or of the deferred sentence agreement," he would be sentenced. Id. As part of his plea agreement, defendant also agreed that he would "not appeal his substantiation by DCF of the conduct at issue in this case." When the trial court accepted defendant's plea agreement, that agreement became binding on the court and the parties. See V.R.Cr.P. 11(e)(2), (3).

¶ 3. To effectuate the plea agreement, the parties executed a deferred-sentence agreement using a standardized form. As indicated above, the deferred-sentence agreement was entered into by the state's attorney and defendant pursuant to 13 V.S.A. § 7041(a). It was not established by the alternative route provided in 13 V.S.A. § 7041(b), which authorizes a court to defer sentencing and place the respondent on probation without a written agreement between the state's attorney and the respondent under certain conditions, none of which are present in this case. This deferred-sentence agreement required the authorization or approval of the state's attorney.

¶ 4. Like the plea agreement, this agreement identified the term of the deferred sentence as "4 years and 0 months," and provided more specifically that "the duration of this deferred sentence agreement is from 3/30/2014 to 3/29/2018." Defendant agreed to abide by the agreement's terms, and further agreed that "[d]uring the period that this deferred sentence is in effect," he would abide by specified probation conditions, including sex offender conditions. The court signed the agreement, affirming preprinted language that: "[b]ased on the foregoing, a Deferred Sentence is ORDERED pursuant to 13 V.S.A. § 7041. The defendant is placed on probation in the care and custody of the Commissioner of Corrections until further order of the Court." Defendant acknowledged that if he violated the conditions of the deferred sentence, the

2

court would impose sentence. If he fulfilled the terms of probation and the deferred-sentence agreement, the court would "strike the adjudication of guilty and discharge the defendant. Upon discharge, the record of the criminal proceedings shall be expunged."

¶ 5. Defendant also signed a deferred-sentence probation order. This order provided an expiration date for defendant's "Deferred Sentence Term," although it referenced a plainly incorrect date of February 29, 1900. The order reiterated that defendant was "placed on probation in the care and custody of the Commissioner of Corrections for the term(s) as shown above."[1]

¶ 6. Two years after executing these agreements, defendant sought to reduce the length of his deferred-sentence term, although he labeled his request a motion to "shorten probation." Apart from the legal issue, defendant summarized why the court should exercise its discretion to reduce the deferment period and terminate probation. He argued that the extensive probation conditions greatly restricted his ability to find a job because they prohibited contact with children, out-of-state travel, and computer use. Defendant also argued that in one instance the presence of the convictions excluded him from consideration for a job. Defendant maintained that requiring him to complete the four-year term to which he had agreed was "a matter of form and serve[d] no useful purpose."[2]

---

[1] The form also stated incorrectly that if defendant failed to follow the probation conditions, the court "might" require him "to serve his full sentence in jail." Defendant, of course, had not yet been sentenced, but if he did violate the terms of probation, the court was required to impose sentence. See 13 V.S.A. § 7041(e) ("Upon violation of the terms of probation or of the deferred sentence agreement, the court shall impose sentence." (emphasis added)); see also State v. Rafuse, 168 Vt. 631, 632-33, 726 A.2d 18, 19-20 (1998) (mem.) (holding that language in § 7041 is mandatory, and that probation law, 28 V.S.A. § 304, which affords court discretion in deciding whether to revoke probation, does not apply).

[2] In the trial court, defendant sought only a discharge from probation without specifying what the discharge would do to the deferred sentence. He did not argue that the period of deferment should be shortened and the conviction expunged at the end of the shortened deferment period, and, as a result, the trial court never considered this additional remedy. It became clear in the argument to this Court that defendant expected that the shortening of the deferment period and the expungement of the conviction would automatically flow from the shortening of the probation term. Thus, we have considered both remedies.

3

¶ 7. The State opposed defendant's request, arguing that defendant had agreed to defer sentencing for four years, and because that period had not passed, he had not fulfilled the terms of his agreement and could not be discharged pursuant to 13 V.S.A. § 7041. While the State did not object to defendant's attempt to repudiate his agreement, it asserted that the only recourse would be for the court to impose sentence and place permanent criminal convictions on defendant's record. The trial court denied defendant's motion, concluding that it lacked authority to grant the requested relief.[3] Defendant appeals from this decision.

¶ 8. Defendant asserts that the court erred in concluding that it could not discharge him from probation prior to the expiration of the four-year deferred-sentence term. According to defendant, there is nothing in the deferred-sentencing law that prohibits early discharge from probation, and thus, 28 V.S.A. § 251—the statute that authorizes early discharge from probation when the court finds that it is "warranted by the conduct of the offender and the ends of justice"— controls. Defendant asserts that ordinary probationers can be discharged early despite having agreed to a fixed term of probation, and the same is true in the deferred-sentencing context. He argues that such early discharge was acknowledged as appropriate in State v. Murray, 159 Vt. 198, 617 A.2d 135 (1992), and that he retained the right to such relief unless he explicitly waived it. Defendant also asserts that because he was placed on probation "until further order of the court," the court may discharge him at any time. Finally, as we note in footnote two, defendant argues that the shortening of the period of probation should automatically shorten the period of deferment and the accompanying period for expungement because the deferment serves no purpose once the period of probation is shortened and ended.

¶ 9. Before we reach the analysis in this case, it is helpful to lay out a roadmap for this decision. We address only circumstances under a deferred-sentence agreement where the State

_____

[3] The trial court never considered whether it would grant the relief requested if it had the power to do so.

4

does not consent to either a reduction of the term of sentence deferment or a reduction of the period of probation, the circumstances present in this case. We do not address the trial court's authority when the State and the defendant agree on a reduction of the period of probation or deferment or both.[4]

¶ 10. Defendant argues that he should prevail without the consent of the State, first, under the statutory language, and second, under the specific language of the deferred-sentence order in this case. Although we use the word "prevail," defendant has argued for two levels of success: (1) complete success under which the trial court can shorten both his period of probation and the period of deferment, or (2) a partial success under which the trial court can shorten the period of probation if it decides a reduced period is appropriate, but cannot reduce the period of deferment to advance the date of expungement of the conviction. We examine first whether defendant can prevail at either of these levels under the statutes, without consideration of the language of the deferred-sentence order. Thereafter, we consider the effect of the language of the deferred-sentence order.

¶ 11. We recognize that there may be variations in these outcomes. For example, we could rule, as defendant argues, that a reduction in the period of probation automatically reduces the period of deferment or, alternatively, rule that whether to shorten the period of deferment lies within the trial court's discretion. Because of the result of our analysis, we do not reach the possible variations.

¶ 12. We start with the result under the applicable statutes and examine whether the trial court could have reduced the term of deferment and order expungement based on its decision to reduce the period of probation. We conclude it could not.

---

[4] Because of our resolution, we do not address whether defendant could waive in the original agreement any right to seek a reduction in the period of probation or deferment.

¶ 13. The deferred-sentencing law requires defendant to comply with <u>both</u> the term of deferment and the probation conditions. See 13 V.S.A. § 7041(e) (stating that defendant may be sentenced if he violates either terms of probation or terms of deferred-sentence agreement, and adjudication of guilt will be struck if defendant complies with both terms of probation and terms of deferred-sentence agreement). A main term of a deferred sentence is the length of deferment, and the order and agreement in this case explicitly sets out this term. The statutes do not provide the trial court with discretion to reduce the term of deferment.

¶ 14. There are significant aspects of the sentence-deferment law that support the absence of an authorization for the court to reduce the term of deferment. Foremost is that the deferred sentence can be ordered for the crimes involved here only when the State consents to the deferment and its terms in a deferred-sentence agreement. The deferred-sentence agreement is a contract in which the defendant has agreed to the burden of a term of deferment in return for the large benefit of avoiding a sentence and obtaining expungement of the criminal conviction. In <u>Murray</u>, we emphasized the contractual nature of a deferred sentence. 159 Vt. at 205, 617 A.2d at 139. The issue there was whether the statute gave the court the power to lengthen the period of probation to the five-year limit on the period of deferment authorized at that time by § 7041(a). We held that, given the contractual nature of the deferred sentence, the court did not have such power:

> Thus, a defendant may bargain with the State for certain terms and conditions prior to entering into the agreement. To read the statute as in all cases granting the court revocation or modification power for five years from sentence deferral would deny the defendant and the State the opportunity to negotiate over the term that may well be most important to them, the duration of the probation obligation.

<u>Murray</u>, 159 Vt. at 203, 617 A.2d at 138. Adding a discretionary reduction of the term of deferment over the State's objection would be wholly inconsistent with the statutory scheme.

¶ 15. Second, the Legislature has provided a specific method for challenging a deferred-sentence term, and it is not available in this case. Under 13 V.S.A. § 7041(d), the court may reconsider a deferred sentence even though no sentence has actually been imposed. That remedy,

6

however, has strict time limits. See id. §§ 7041(d), 7042 (motion to reconsider sentence must be filed within ninety days); but see State v. Hance, 157 Vt. 222, 227, 596 A.2d 365, 368 (1991) (recognizing "limited usefulness of sentence reconsideration when the sentence is based on a plea agreement").[5] Defendant did not seek modification of his deferred-sentence term within ninety days, and he cannot do so now.

¶ 16. Finally, we address defendant's policy argument that the term of the probation obligation and the term of the sentence deferment are necessarily the same, and it makes no sense to delay the expungement of the sentence beyond the period of probation. Even if we agreed with this policy argument, we could not implement it because the statute requires compliance with both the terms of the deferred-sentence agreement and the terms of probation, a specification that would be unnecessary if they imposed the same requirements. See State v. Brennan, 172 Vt. 277, 280, 775 A.2d 919, 921-22 (2001) (explaining that in construing statute, Court must "presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended," and "[w]e must not allow a significant part of a statute to be rendered surplusage or irrelevant" (citation omitted)).

¶ 17. In fact, the two elements involve different, albeit related, terms and consequences. The term of deferment controls when the expungement of the conviction will occur. The term of probation determines when the probation conditions will end. In his motion to the trial court, defendant described the different consequences flowing from the existence of the conviction and from the restrictions on his activities created by the probation conditions. It may appear normal in

---

[5] Although 13 V.S.A. § 7041(d) provides that "entry of deferment of sentence shall constitute imposition of sentence solely for the purpose of sentence review in accordance with section 7042 of this title," the statute does not reconcile the availability of sentence reconsideration with the fact that no sentence is imposed at time of deferment and with the requirement of approval by the prosecution of a sentence deferment. We need not do so here. The point is that the statute provides a method for judicial approval for modification of a deferred sentence, however limited, and it is not applicable here

this case that the terms of probation and deferment would be the same, but that would not be true if there were separate terms in the deferment agreement that were not probation conditions.[6]

¶ 18.    Overall, we find People v. C.G., 12 P.3d 861 (Colo. App. 2000), the decision closest to this one from another jurisdiction, persuasive here.  In that case, the court considered whether a defendant, who pled guilty pursuant to a four-year deferred judgment and sentence agreement, should be discharged from his agreement after only two years.  The prosecution opposed early dismissal, arguing that it was not provided for in the agreement, which instead reflected the parties' expectation that the defendant would be deterred from committing any new offenses for a full four-year period.  The trial court granted the early dismissal over the prosecution's objection, reasoning that a deferred judgment and sentence agreement was like probation and that trial courts possess "general supervisory powers" to terminate the agreement early.  Id. at 862.

¶ 19.    The appeals court reversed.  It reviewed the deferred judgment and sentencing laws, which as in the instant case, required the State's agreement.  It recognized, as here, that "[i]t is the defendant who is the primary beneficiary of deferred sentencing which ultimately may result in the dismissal of the charges against him."  Id. at 863 (quotation and alteration omitted).  Thus, the question before the court was "whether a trial court, in the absence of the prosecution's consent, may confer this benefit sooner than provided by the agreement."  Id.  The court concluded that the law did not allow the trial court to act unilaterally, and that the court could not shorten the

---

[6]  That the terms could be different was made clear by two legislative amendments to § 7041.  In 2002, the Legislature amended § 7041(b) to provide that a person under a deferred sentence could "not be discharged from probation imposed under this section until restitution has been paid in full, absent a finding of good cause by the court."  2001, No. 134, § 2 (Adj. Sess.).  The following year, the Legislature amended the statute again by striking the language added in 2002 and instead stating that if restitution remained unpaid "the record shall not be expunged until restitution has been paid in full, absent a finding of good cause by the court."  2003, No. 57, § 5 (eff. July 1, 2004).  The Legislature also added in § 7014(c) that nonpayment of restitution could not be grounds for imposing sentence.  Id.  Essentially, through the 2003 amendment, payment of restitution became a term of the deferred sentence but not a term of probation.  The result is that the statute specifically creates a gap between the end of probation and the expungement of the conviction where restitution is not yet fully paid.

8

stipulated length of a deferred judgment and sentence agreement without the prosecution's consent. Id. It explained that the statute clearly specified that a defendant must adhere to the stipulation and that dismissal of the charges will occur upon full compliance with the stipulated conditions. Id. One stipulated condition was for a four-year period of law-abiding behavior by the defendant, and that condition was not fully satisfied as of the date of the early dismissal request. Thus, the trial court lacked authority to dismiss the case on that date without the prosecution's consent.

¶ 20. Given our holding that the term of deferment cannot be shortened without the State's consent, we next consider whether the trial court can reduce the period of probation under 28 V.S.A. § 251 based on a finding that reduction "is warranted by the conduct of the offender and the ends of justice." Again, we conclude that it cannot.

¶ 21. On this point, Murray identifies the applicable standard: whether the law that defendant seeks to apply—28 V.S.A. § 251—conflicts with the deferred-sentencing statute. See Murray, 159 Vt. at 203, 617 A.2d at 138 ("[T]he provisions governing probation in Title 28 apply to deferred-sentence probation where there is no conflict with the specific provisions of § 7041."). We conclude that a conflict does exist. The deferred-sentence law does not authorize the relief sought by defendant. With no statutory authority, defendant would have us eliminate the State's role in the sentence-deferment process by looking solely at the probation component of the deferred sentence and ignoring the fundamental nature of a deferred sentence. Defendant expressly and repeatedly agreed to a four-year deferred-sentence term and the accompanying probation conditions and duration. He obtained a significant benefit from his agreement, and it is fundamentally unfair to allow him to escape the agreement's burden. It would not advance the "ends of justice" as required by § 251.

¶ 22. Defendant twice agreed in writing to a four-year deferred-sentence term. More specifically, he agreed to a deferred-sentence term running "from 3/30/2014 to 3/29/2018," and he

9

agreed to abide by probation conditions "during the period that this deferred sentence is in effect." "A deferred sentence agreement 'is a form of contract subject to the normal rules for construction of contracts.' " State v. Leach, 2003 VT 66, ¶ 8, 175 Vt. 620, 833 A.2d 1260 (mem.) (quoting Murray, 159 Vt. at 205, 617 A.2d at 139). The parties' agreements reflect their clear expectation that defendant must comply with probation conditions, including sex offender conditions, for four years. If he complied with the conditions of probation for the required period, he was entitled to the benefit of his agreement—the court would expunge the adjudications of guilt from the record, and he would be discharged. Where, as here, "the language of the agreement is clear, the intention and understanding of the parties must be taken to be that which their agreement declares." Id. (quotation omitted).

¶ 23. There are compelling reasons to hold defendant to his bargain. If a court, at defendant's request, could unilaterally alter the parties' agreement, "then the State could never be sure it would receive the bargained-for benefits of its plea agreement." Gou-Leonhardt v. State, 323 P.3d 700, 702 (Alaska Ct. App. 2014) (concluding that wellness court's general authority to "consider and reduce [a] defendant's sentence" based on his compliance with treatment plan did not allow court "to unilaterally alter a plea agreement that has already been accepted and executed"). "The predictable result would be an increased reluctance on the part of the State to make such plea agreements." Id. Because the State's consent is required for a deferred sentence unless certain criteria are present, we are concerned that the result of early probation discharge authority may be a "substantial reduction in the number of defendants" receiving deferred sentences. Id. (reaching similar conclusion with respect to defendants' participation in wellness courts, which similarly requires State's consent).

¶ 24. Having concluded that defendant is not entitled to the relief he seeks under the terms of the applicable statutes, we turn to the wording of the deferred-sentence order in this case. Defendant argues that the wording of the order, as presented on a preprinted court form, compels

10

a different result. The form includes language that "[t]he defendant is placed on probation in the care and custody of the Commissioner of Corrections until further order of the court," which defendant interprets as an authorization for the trial court to discharge defendant from probation early under 28 V.S.A. § 251.[7]

¶ 25. We reject the argument that by placing defendant on probation "until further order of the court," the deferred-sentence order expressly recognizes defendant's right to seek a reduction in the term of probation. Indeed, as we held above, such an order would be illegal.

¶ 26. Moreover, there is no evidence that the boilerplate provision is intended to implement an order that reduces the probationary term as opposed to any other order the court may issue. Even if it contemplated a particular kind of order, the most likely one referenced is an order revoking probation, an order specifically authorized by statute.

¶ 27. This is not a question of ambiguity. We are dealing here with the language of an order, not an agreement, so the law concerning contract ambiguity is irrelevant. The use of rote language such as "until further order of the court" does not authorize the court to issue any type of order. This language could not render a subsequent order lawful if it otherwise is not. This case is about the validity of an order that defendant seeks to reduce his period of probation and the period of sentence deferment. Nothing in the prior order of the court answers that question.

¶ 28. On this point, we reject defendant's assertion that this case is controlled by the dicta in Murray or the reiteration of such dicta in a subsequent case. In Murray, the issue was whether the court could lengthen the term of probation beyond that specified in a deferred-sentence agreement. We held that it could not, consistent with the statute. We also addressed the State's argument that the deferred-sentence agreement authorized an extension of the term of probation

---

[7] We interpret defendant's argument with respect to the language of the sentence deferment order as addressing only the length of his probation obligation. His position, as we stated above, is that once the probation duration is reduced, the period of deferment is also reduced. We rejected that position above, and nothing in defendant's argument with respect to the sentence-deferment order changes that decision.

11

because it contained the following language that specified defendant's agreement "to a term of probation imposed by the Vermont District Court, until further order of the Court." Murray, 159 Vt. at 204, 617 A.2d at 139. The State argued that the agreement language controlled even over the specific statutory language and that the use of the word "term" meant that it specifically addressed only the duration of the probation order. We analyzed the issue consistent with that argument.[8] The State argued that the language specifically authorized an extension of that term. We rejected that argument:

> The State's interpretation conflicts with other language in the agreement as well as with the court's order. The agreement specifies that its duration is three years, and defendant's agreement to abide by its terms is limited to that period. The court ordered a deferred sentence for a period of three years.

Id. at 205, 615 A.2d at 139. These conclusions apply equally in this case where it is the State insisting on compliance with the agreement.

¶ 29. We amplified the holding in Murray by comparing the case to State v. White, 150 Vt. 132, 549 A.2d 1069 (1988), a case in which we held that the authorization of 28 V.S.A. § 251 that the court could terminate probation at any time applied only to shortening the period of probation. See Murray, 159 Vt. at 205, 615 A.2d at 139. Similarly, we held that the agreement language in Murray could be applied only "to shorten, not lengthen, the probationary period." Id.

¶ 30. Defendant particularly emphasizes the reference to shortening the probationary period as a general authorization to reduce the probationary period even when probation is ordered in connection with a deferred sentence. Murray cannot be read to include such a holding since it was discussing only the effect of the agreement language, not the trial court's power under the statutes.

---

[8] We did not address in Murray whether the agreement language would actually control over the statute, and whether the use of the word "term" in the agreement language meant that the provision dealt only with the length of the probation obligation. We do not address these issues here.

12

¶ 31. This is a critical distinction. <u>Murray</u> is about language in an agreement between the parties and its effect. This case is about the language of a court order. The language in the order in this case is different from the language in the agreement in <u>Murray</u>. The language in the order before us does not use the word "term" and therefore cannot be construed as relating only to the duration of the probation obligation. As a court order, the language clearly has a different meaning and effect as described above. Additionally, the issue in <u>Murray</u> was entirely different from the issue in this case, and any discussion of the power of the court to reduce a term of probation was dicta.

¶ 32. We conclude that the language of the sentence deferment order does not aid defendant's claim that the trial court had the power to reduce the length of defendant's probation obligation. We thus hold that early termination of probation conditions without the State's consent conflicts with the provisions of § 7041 and violates defendant's contractual obligations.

¶ 33. Given the above analysis, and because a deferred-sentence agreement requires collaboration between the State and a defendant under § 7041(a), defendant's concerns about the continuing effects of the conviction and the probation conditions must be addressed through further collaboration if the result is to eliminate or modify probation conditions in light of changing circumstances.

<u>Affirmed</u>.

FOR THE COURT:

_____

Associate Justice